## MOCK'S HEIRS vs. STEELE.

[BILL IN EQUITY FOR CORRECTION OF MISTAKES IN PROBATE DECREE.]

1. *Equitable relief against errors in probate decree.*—Under section 1915 of the Code, the distributees of an estate may obtain equitable relief against a decree of the probate court, wrongfully allowing to the administrator, on final settlement of his accounts, a credit to which he was not entitled, by alleging and proving that the administrator, for the purpose of preventing them from objecting to the allowance of the credit, represented to them that it was correct, and stated as facts circumstances which demonstrated its correctness; and that they, being ignorant of the facts, trusted to his representations, and forbore to object to the allowance of the credit.

APPEAL from the Chancery Court of Lowndes.

Heard before the Hon. WADE KEYES.

THE bill in this case was filed by the distributees and heirs-at-law of Benjamin N. Mock, deceased, together with the personal representatives of several deceased distributees, against David A. Steele, who had been the administrator of said Benjamin Mock; and sought to obtain equitable relief against a decree of the probate court of Lowndes, erroneously allowing to said Steele, on final settlement of his accounts as such administrator, a credit to which he was not entitled. The decree of the probate court was rendered on the 15th September, 1856 ; and the bill was filed on the 21st May, 1858. The error complained of in said decree consisted in the allowance to said administrator of a credit for $1602 70, the amount paid by him, on the 18th February, 1856, to Mrs. Eliza Walker, the wife of one George Walker, as the owner of a judgment which Emanuel & Gaines had obtained in the county court of Lowndes, on the 10th February, 1841, against said Benjamin Mock, George Walker, and one Robert Lowe. The bill alleged, "that said David A. Steele, at said settlement, in order to prevent the parties interested therein from making any objection to said claim, represented to them that Mrs. Eliza Walker be-

came the owner of said judgment in 1850, as a part of her sole and separate estate, that said judgment was unsatisfied, and that Robert Lowe was insolvent;" that said Steele also stated, that, in view of these facts, he had paid Mrs. Walker one-half of the amount due on said judgment, as shown by her receipt which he offered as a voucher; that "under these representations, and having no other information relative to said claim than they derived from said Steele and the said voucher," complainants forbore to make any objection to the allowance of a credit for said payment, and the same was allowed by the court without objection; that after said settlement, complainants discovered, from the sheriff's return on an execution on said judgment, issued on the 28th May, 1851, that said judgment was satisfied on the 7th July, 1851, from a sale of property which the sheriff had levied on; that said judgment, at the time of the payment by Steele, was not a subsisting claim against said estate, and Mrs. Walker was not entitled to demand or receive on account thereof anything from said estate; and that these facts were known to said Steele at the time of said payment.

The chancellor dismissed the bill, on motion, for want of equity; and his decree is now assigned as error.

WATTS, JUDGE & JACKSON, for appellants.
BAINE & NESMITH, *contra*.

A. J. WALKER, C. J.—The bill shows, that the defendant Steele, upon his settlement as administrator, for the purpose of inducing the complainants not to object to the allowance of a particular credit, represented the correctness of the credit, and stated circumstances out of which it grew, plainly demonstrating its correctness; that the complainants, who were ignorant upon the subject, upon those representations forbore to object; that the contrary of the representations was true, to such an extent as to destroy the right to the credit, and that the credit was allowed. These allegations make out a case for relief, (the bill being filed within two years after the

settlement in the probate court,) under section 1915 of the Code.

The error did not supervene in consequence of the fault or neglect of complainants. When a matter is equally open to the observation of both parties, or equally within the knowledge of both parties, it is a clear fault in one party to trust to the representations of the other, and he can not be heard to complain if misled by misrepresentations.—Townsend & Milliken v. Cowles, 31 Ala. 428. But, in this case, the party making the representations had peculiar opportunities of information, beyond the parties on the other side, who were totally uninformed upon the subject; and he, in effect, solicited their confidence, by making the representations with a view to obtain the forbearance of objections. They acted upon his representations, and reposed confidence in them. Can he now say, that it was a fault on their part to confide in him and in his representations? If he can, it would establish a principle, which would license the commission of fraud in every case where the deceived party could have ascertained the incorrectness of the representations upon which he acted. We hold, that the defendant Steele cannot say that the complainants committed a fault in trusting to his representations.

If the judgment, on account of the payment of which the credit was claimed, was paid by a sale of the property of George Walker, a co-maker with Steele's intestate, it would not give the wife of George Walker a claim to contribution. The right to contribution would belong to George Walker himself, and the claim could only be discharged by a payment to him.

The decree of the chancery court is reversed, and the cause remanded.

STONE, J., not sitting.