# Alexander *v.* Alexander.

*Bill in Equity by Legatees and Distributees, for Account and Settlement by Executor and Administrator.*

1. *Settlement of executor's accounts in Probate Court; equitable relief against.*—"There is nothing averred in the bill in this case which takes

[Alexander v. Alexander.]

it out of the operation of the rule declared in *Otis v. Dargan* (53 Ala. 178), *Waring v. Lewis,* (*Ib.* 615), *Hutton v. Williams,* (60 Ala. 137), and *Gamble v. Jordan* (54 Ala. 432). The Probate Court was not without jurisdiction to make the settlement, and the bill fails to show the omission of any steps necessary to put that jurisdiction into exercise."

APPEAL from the Chancery Court of Dallas.

Heard before the Hon. N. S. GRAHAM.

The bill in this case was filed on the 28th December, 1880, by Joseph L. Alexander and others, as distributees of the estate of Dewitt C. Alexander, deceased, and as devisees and legatees under his will, against John D. Alexander, as the executor of said will, and also as the administrator *de bonis non* of said estate; and sought to compel a settlement of the accounts of the said executor and administrator. John D. and Dewitt C. Alexander were sons of Joseph M. Alexander, deceased, who died in Marengo county, where he resided, in March, 1865; and they both qualified as executors of the last will and testament of their father; the children of a deceased daughter being equally interested with them by the terms of the will. Dewitt C. Alexander took no active part in the administration of the estate, but left the entire control and management to his co-executor; and he died on the 31st October, 1865, after having executed his last will and testament, by which his wife and children were made legatees and devisees, and of which said John D. Alexander was appointed the executor. The will was duly admitted to probate, and letters testamentary were granted to said John D. as executor on the 22d January, 1866; and he continued to act as the executor of each will, having the entire charge of both estates, until the 14th June, 1869, when he resigned the executorship of each, and made a final settlement of his accounts in the Probate Court by which his letters were granted. On the 16th August, 1869, on the petition of said John D. Alexander, letters of administration *de bonis non* on each of said estates were granted to him; and he continued to act as the administrator of both estates, until the 8th day of July, 1872, when he filed his written resignation of each, and made a final settlement of his administration of each.

The decrees rendered by said Probate Court in the matter of the estate of Joseph M. Alexander, on final settlement of the said John D. as executor, and also as administrator *de bonis non,* are set out in the report of the case of *Alexander v. Alexander* (*ante,* p. 212), which see; but, though referred to in this case, and alleged to be void, they are not material to an understanding of the bill, which seeks relief only in reference to the administration and settlement of the estate of Dewitt C. Alexander. As to the settlements made by said John D. as the executor of Dewitt C. Alexander's will, and as administrator *de*

[Alexander v. Alexander.]

*bonis non* of his estate, the bill contained the following allegations: "In March, 1868, Patrick, Irwin & Co.," factors and commission-merchants in Mobile, to whom the executor had shipped a large quantity of cotton raised on lands belonging to the two estates, "failed, and became insolvent; and the said executor endeavored to collect from them the large balance due, to-wit, $10,000, but without success; and apprehending that he would be held liable to pay the same to the said legatees, on account of his negligence and want of authority in permitting the sums to remain in the hands of said Patrick, Irwin & Co., without any security by them, he endeavored to escape said liability, and to throw the loss of said balance on the said estate or legatees; and to carry into effect his said object, he made what he called (and what purported to be) a final settlement of his said executorship in said court on the 14th June, 1869. On his said settlement, said executor claimed a credit of $2,083.30, against the balance of $7,230,07 found against him on his partial settlement in May, 1867, on the ground that, by the failure of Patrick, Irwin & Co., he had never collected said $2,083.30 from them; and he failed and refused, on said settlement, to charge himself with, or to account for, the said several sums of money, or any part thereof, the proceeds of the sales of cotton made by said Patrick, Irwin & Co. as aforesaid, on the ground that he had never received or collected said money from them. And the plaintiffs charge that said executor claimed said credits with the intent to defraud them and their co-legatees; and that said Patrick, Irwin & Co. had accounted for all of said sums, and placed the same to his credit on their books, and he had charged himself with a portion of said amount, to-wit, $2,083.30, on his said partial settlement on the 13th May, 1867. On said so-called final settlement, plaintiffs were infants of tender years, and wholly under the influence of said executor, who was their uncle, and professed great love for them, and great care and regard for their interests and welfare; and though nominally represented by a guardian *ad litem* on said settlement, little attention was paid to their rights, and the rights of their co-legatees; and the said court, then and there, wrongfully allowed said executor a credit for said $2,083.30, and refused to charge him with the said several sums, the proceeds of sales of said cotton. And said executor, then and there, with the intent to defraud these plaintiffs and their co-legatees, falsely made his affidavit that he had not, used any of the moneys of said estate for his own purposes; and plaintiffs aver that he had used and converted for his own purposes a large amount of the moneys of said estate, to-wit, the sum of $10,000, and was liable to pay a large sum as interest thereon, to-wit, the sum of $3,000;

[Alexander v. Alexander.]

yet the said court refused and failed to charge him with any interest on any of the moneys of the estate which came to his hands as executor, and allowed his accounts as stated by him, and rendered a decree against him for $1,264.80, and ordered him to deliver the assets of the estate to his successor in the administration, when such successor qualified," &c. "At the time said settlement was made, said John D. was the executor of Joseph M. Alexander, deceased, and had in his hands, as assets of said estate, a large sum of money, to-wit, the sum of $25,000, one-third of which he, as executor of said Dewitt C., would be entitled to receive on a final settlement of his executorship of said Joseph M.; that the said executor had not made on the 14th June, 1869, and has never made from that time hitherto, a final settlement of his executorship of said Joseph M., and the estate of the said testator remains wholly unsettled, and the interest of the executor of the said Dewitt C. in the estate left by the said Joseph M. has never been ascertained ; and therefore the said so-called final settlement of the estate of said Dewitt C., made in said court on the 14th June, 1869, by said executor, is wholly void, and said court had no jurisdiction thereof, and no power to make a final settlement under the circumstances." "Plaintiffs charge that said so-called settlements made by said executor on the 14th June, 1869, were not intended by him as final settlements, but only to cover and conceal his frauds against the legatees of his respective executors. He was then the sole executor of both estates, and the legatees of both estates were all minors, except the said Susan R., Albert A., and Julia A., and were all under the influence of said executor ; and said settlements were made by him with the fraudulent intent to escape from the liability which he had incurred in permitting the said moneys, belonging respectively to the two estates, to remain in the hands of said Patrick, Irwin & Co. without security, and which was. consequently lost." The bill contained, also, similar allegations of fraud and misconduct of the said John D. while acting as administrator *de bonis non*, and similar charges as to the invalidity of his settlements in that capacity ; and prayed that the administration might be removed into the Chancery Court, and the accounts of the said executor and administrator be there settled.

The chancellor overruled a demurrer to the bill, and also a motion to dismiss for want of equity; and his decree is now assigned as error.

BROOKS & ROY, for appellant.

PETTUS & DAWSON, *contra*.

[Van Hook v. City of Selma.]

STONE, J.—There is nothing averred in this bill which takes it out of the operation of the rule declared in *Otis v. Dargan*, 53 Ala. 178; *Waring v. Lewis, Ib.* 615; *Hutton v. Williams*, 60 Ala. 137; *Gamble v. Jordan*, 54 Ala. 432. The Probate Court was not without jurisdiction to make this settlement, and inasmuch as the bill fails to show the omission of any steps necessary to put the jurisdiction of the Probate Court in exercise, it is wanting in equity, as it now stands. Whether it can be made to contain equity by amendment, we can not certainly know.

Reversed and remanded.