# Watts *v.* Frazer.

*Bill in Equity to Re-open Settlement of Accounts of Administratrix, and remove Settlement into Chancery Court.*

1. *Bill in the alternative.*—A bill can not ask, in the alternative, either to set aside a probate decree on the ground of fraud, or to correct alleged errors of law and fact in it.

2. *Relief in equity against judgment at law, or decree of Probate Court, on the ground of fraud.*—To justify relief in equity against a judgment at law, or decree of the Probate Court, on the ground of fraud, the alleged fraud must have been practiced in the rendition or procurement of the judgment, and it is not sufficient to show fraud in antecedent transactions, which would have constituted a good defense against the judgment.

3. *Bill seeking to correct errors of law and fact in probate decree; when presumption can not be indulged against regularity of decree.*—When the bill seeks to correct errors of law and fact in a probate decree, rendered on the settlement of an administrator's accounts, which is not set out, nor any errors or defects specified, but which is designated as "what purports to be a final settlement," no presumption can be indulged against the regularity of the decree; and the general averment that there had never been any final settlement, in the absence of facts supporting the averment, is not sufficient, being the mere statement of a legal conclusion.

4. *Judgment or decree against minor represented by guardian ad litem.* A minor, when represented by a guardian *ad litem*, is as much bound by a judgment or decree as an adult; and an averment of the complainant's infancy at the rendition of a decree on the settlement of an administrator's accounts, without an additional averment that he was not represented by guardian *ad litem*, shows no equitable ground for relief against it.

5. *Jurisdiction of Probate Court to order sale of decedent's lands; when proceedings can not be collaterally impeached.*—The Probate Court acquires jurisdiction to order a sale of a decedent's lands, on the filing of a petition by a proper person, setting forth a statutory ground of sale;

[Watts v. Frazer.]

and when the jurisdiction has thus attached, the proceedings can not be collaterally impeached on account of mere irregularities or errors.

6. *Same; when order of sale void and the sale a nullity.*—If the jurisdiction of the court never attached, the order of sale is void, and the sale a nullity; and the remedy at law to recover the land being plain and adequate, the heirs can not come into equity to set aside the sale.

APPEAL from Bullock Chancery Court.

Heard before Hon. JNO. A. FOSTER.

This was a bill in equity exhibited on 25th August, 1883, by Gertrude Watts, by her next friend, P. C. Watts, against Catherine McRae, Houghton & Lasseter, R. G. Wright, S. T. Frazer, and others, and averred in substance: That complainant's father, Dawson McRae, died intestate in said county in September, 1868, leaving a large real and personal estate, comparatively free from debt; that respondent, Catherine McRae, the widow of decedent and the mother of complainant, was appointed administratrix of said estate, and executed a bond as such, with Frazer, Wright and others as her sureties, in the sum of $30,000.00, and duly entered upon said administration; that said administratrix made, "what purported to be," partial or annual settlements in October, 1869, May, 1871, and March, 1874, and an alleged final settlement in May, 1876, at which latter date the complainant was a minor not over ten years of age; that numerous errors, which are specifically pointed out in the bill, entered into each of the settlements; that said administratrix contracted a large number of debts which were not valid claims against the estate; and, to pay a portion of such indebtedness, due to the respondents Wright & Frazer, procured a sale to them of a part of her intestate's realty, said respondents knowing at the time that said estate was free from debt; that other lands belonging to the estate were likewise sold, under an order of sale procured from the Probate Court, to satisfy a personal and individual debt of the administratrix due to the respondents Houghton & Lasseter, which constituted no claim against said estate; that "the various errors in said several settlements were unknown to oratrix until within the last three months. She was so young, and of such tender age, that she did not and could not, have any knowledge of such matters." The bill further avers that "in truth there has never been any final settlement of the estate of Dawson A. McRae; that the assets of the estate have never been administered in full," and prays that said administration be removed from the Probate to the Chancery Court, and that the various settlements be set aside and held for naught; that the sales to Wright & Frazer, and Houghton & Lasseter be set aside, and that they be compelled to account for the use and rents of said lands since they entered into the possession thereof, and

[Watts v. Frazer.]

for other relief in accordance with the allegations of the bill.

Answers were filed by all the respondents above mentioned, incorporating demurrers to the bill, the defenses presented by which, it is not deemed necessary to notice with particularity, in view of the opinion of the court. The present appeal is prosecuted from the decree of the chancellor dismissing the bill, the decree of dismissal being here assigned as error.

WATTS & SON, for appellant.

FLEMING LAW, and POWELL & CABANISS, contra.

SOMERVILLE, J.—It is difficult to say whether the present bill is to be construed as one seeking to vacate a judgment of the Probate Court, rendered upon the settlement of the administration in question, upon the ground of fraud, or whether its purpose is to correct errors of law and fact, which are alleged to have occurred in the settlement of the estate, under the provisions of section 3837 of the Code of 1876. It would seem that these two aspects can not be united in the same suit in the alternative, for the reason that each alternative averment could not be the foundation for the same kind or character of relief, and the same defense could not be applicable to each. In the first aspect, the judgment assailed successfully for fraud could be set aside as a nullity, and the case retried on its merits. In the second aspect, the specific errors pointed out would be corrected, but the judgment as thus modified would stand unimpeached in its legal validity.—*Gordon v. Ross,* 63 Ala. 363. Such a bill would, perhaps, be multifarious and subject to demurrer on this ground.—*Moog v. Talcott,* 72 Ala. 210; *Lehman v. Meyer,* 67 Ala. 396; *Gordon v. Ross, supra.*

There are no facts alleged in the bill, however, which show any fraud practiced in the rendition or procurement of the judgment, or, as said by Mr. Story, "in the very act of obtaining the judgment" or in its "concoction."—3 Story's Eq. Jur. § 1575; *Noble v. Moses,* 74 Ala. 604, 616. Fraud as to transactions antecedent to the judgment, such as would have constituted a good defense to the rendition of the judgment, but not connected with the proceedings by which it was obtained, is deemed insufficient to justify relief under the head of this equitable ground of jurisdiction. There is averred no misrepresentation of fact, or either actual or positive fraud, on the part of the administratrix, by means of which the judgment was procured to be rendered. Many errors of receipts and disbursements are shown—many errors of debit and credit—with failures on the part of the administratrix to charge herself with amounts for which she was legally liable upon the settle-

[Watts v. Frazer.]

ment, but objections to these matters would have been available in the Probate Court, and no fraud, accident, or mistake is proved which operated to prevent such defense from being made in that form.—*Noble v. Moses, supra; Crommelin v. McCauley,* 67 Ala. 547; *Mock v. Steele,* 34 Ala. 198; *Waring v. Lewis,* 53 Ala. 615, 621.

The bill is equally defective if treated as one to correct errors of law and fact alleged to have occurred in the settlement of the estate to the injury of the complainant. Such a bill will lie only where the errors complained of are shown to have occurred "without fault or neglect" on the part of the complainant.—Code, 1876, § 3837. The averment made is that there had been in the probate court what "purports to be a final settlement" of the estate. The judgment is not set out so that its defects, if any, may be judicially determined. No fact is stated, or reason given, showing why such settlement is not what it purports to be—that is, final. The Probate Court, being a court of general jurisdiction in making such settlements, the presumption is favorable to the fact of jurisdiction, and every legal intendment will be made in its favor. Nothing can or will be presumed against the regularity or legality of its action. The concluding averment in the bill that there had never been any final settlement of the estate must be taken to be the statement of a mere legal conclusion of the pleader, in the absence of facts supporting such a broad allegation. The facts previously stated show there had been such a settlement. *Acklen v. Goodman,* 77 Ala. 521; *Steele v. Tutwiler,* 67 Ala. 107; *Alexander v. Alexander,* 70 Ala. 357.

This presumption of regularity is not rebutted by the fact that the complainant was a minor at the time of the settlement. The bill does not negative the presumption that she was represented by a guardian *ad litem* as required by law. And a minor thus represented is as much bound by the judgment or decree of a Probate or Chancery Court as an adult would be. *Stabler v. Cook,* 57 Ala. 23; *Jones v. Fellows,* 58 Ala. 343. *Waring v. Lewis,* 53 Ala. 620.

There is no error pointed out in the bill, as having occurred in the settlement sought to be impeached, for the correction of which the Probate Court could not have furnished an adequate remedy upon the occasion of the settlement, and prior to the rendition of the judgment. No fact or reason is averred showing that the complainant was without fault or neglect in making her defense in the Probate Court through her guardian *ad litem.—Cawthorn v. Jones,* 73 Ala. 82; *Massey v. Modawell,* 73 Ala. 44; *Waring v. Lewis,* 53 Ala. 615; *Alexander v. Alexander,* 70 Ala. 357.

The averments of the bill, apart from all objection to this

feature on the ground of multifariousness, fall entirely short of showing any want of jurisdiction in the Probate Court to make sale of the lands of the decedent. Jurisdiction to sell attached upon the filing of the petition by the proper person, setting forth the statutory grounds of sale, and the action of the court granting the order of sale was conclusive as to the existence of debts due by the decedent, as well as of the insufficiency of personal assets to satisfy such debts. Such a judgment, as we have uniformly held, can not be collaterally impeached for mere irregularities or reversible errors.—*Foxworth v. White*, 72 Ala. 224; *Landford v. Dunklin*, 71 Ala. 594; *Farley v. Dunklin*, 76 Ala. 530. If, moreover, the order of sale was void, the complainant could obtain no relief in equity, because her remedy at law would be plain and adequate.

The bill was, in our opinion, without equity, and was properly dismissed by the chancellor.

Affirmed.

CLOPTON, J., *not sitting*.