# Cantelou *v.* Whitley.

*Statutory Action in nature of Ejectment.*

1. *Sale of lands for partition, under probate decree; irregularities in bringing in parties.*—Under a petition for the sale of lands for equitable partition among the several parties interested as joint owners or tenants in common (Code, § 3253), the failure to bring in or perfect service on an infant defendant is an error, which will work a reversal of the decree; but it does not render the decree void, when collaterally assailed, as when the infant sues at law to recover his interest in the land.

[Cantelou v. Whitley.]

APPEAL from the City Court of Birmingham.

Tried before the Hon. H. A. SHARPE.

This action was brought by R. C. Cantelou, against D. C. Whitley, to recover an undivided one-fourth interest in several small lots in Birmingham, with damages for the detention thereof; and was commenced on the 1st November, 1887. The plaintiff was one of the four children of Mrs. Josie R. Cantelou, who died, intestate, on the 9th September, 1881, and to whom the lots belonged at the time of her death. The lots were sold on the 13th October, 1884, by commissioners appointed by the Probate Court, for equitable partition among the several part-owners, the defendant becoming the purchaser; and the sale was regularly reported to the court, and confirmed. The order of sale was granted on the petition of Florence Shepherd, one of the four heirs and part-owners, which was filed on the 5th May, 1884, and alleged that the land could not be equally divided without a sale. The plaintiff was at that time in his eighteenth year, having been born on the 4th July, 1866, and he was made a defendant to the petition; but he assailed the validity of the proceedings, on the ground that he was not properly brought in. The cause being submitted to the decision of the court without a jury, the court rendered judgment for the defendant; and this judgment is here assigned as error.

TALIAFERRO & SMITHSON, and R. H. FRIES, for appellant. The proceedings for partition were void, because the plaintiff had no notice of them. No man's property can be taken from him by judicial proceedings, without giving him a day in court.—*Crepps v. Durden*, 1 Smith's Lead. Cases, 1118; 11 How. U. S. 165; 14 How. 334; 18 How. 404; 5 Wall. 290; 9 Wall. 123, 810; 6 Wall. 231; 18 Wall. 464; 17 Wall. 528; 21 Wall. 428; 1 Otto, 661; 5 Otto, 720; *Wilburn v. McCalley*, 63 Ala. 436.

W. M. BROOKS, *contra*, cited *Pollard v. Hanrick*, 74 Ala. 334; *Whitlow v. Echols*, 78 Ala. 206; *Whitman v. Reese*, 59 Ala. 532; *Lyon v. Hamner*, 84 Ala. 484; *May v. Marks*, 74 Ala. 249; *Field v. Goldsby*, 28 Ala. 218.

STONE, C. J.—Four persons, all under twenty-one years of age, two of them married women, were equal owners and tenants in common of the premises in controversy, being certain lots in the city of Birmingham. One of the tenants,

[Cantelou v. Whitley.]

Mrs. Shepherd, through her husband as next friend, filed her petition in the Probate Court of the county in which the lots were situated, averring that they "can not be equitably partitioned or divided without a sale."—Code of 1886, § 3253. The petition is in all respects regular, gives the names, ages and residences of the other joint owners, and states which of them are married women, with the names of their husbands. The Probate Court took jurisdiction of the case, granted an order of sale, and appointed commissioners to make the sale. The commissioners sold the lots; Whitley and another became the purchasers, paid the purchase-money, and received a conveyance, after the sale had been reported to the Probate Court and confirmed. With a single exception, after stated, every thing done appears to have been regular; and only the one ground is here urged against the validity of the sale.

Notices of the filing of the petition, and of the orders made, were issued to the other tenants in common, of whom Robert C. Cantelou, a minor, was one. He was living with his grand-father, and the notice was served on the grand-father as his custodian. A guardian *ad litem* was appointed for him, and he acted. It is contended for appellant, that because the notice was not personally served on Robert C., the minor, the whole proceedings are void, and the sale conferred no title.

If this case had come before us on appeal from the order of sale, a very different question would have been presented. We might have felt it our duty to reverse such order. *Hodges v. Wise*, 16 Ala. 509; *Clarke v. Gilmer*, 28 Ala. 265; *Dow v. Whitman*, 36 Ala. 604; *Diston v. Hood*, 83 Ala. 331. In this case, however, the question comes up collaterally, when a different rule prevails. It has long been settled in this State—too long to be open to further controversy—that when the question comes before us in this form, the prime question is, did the court acquire jurisdiction of the subject-matter, and exercise it? If the petition on its face contains the requisite jurisdictional averments, and does not itself disclose that other parties, or other interests, are not properly presented, then, mere irregularities in the after proceedings do not impair the validity of the sale.—*Field Goldsby*, 28 Ala. 218; *Landford v. Dunklin*, 71 Ala. 594; *McCorkle v. Rhea*, 75 Ala. 213; *Whitlow v. Echols*, 78 Ala.

[Linn v. McLean.]

206; *Watts v. Frazer*, 80 Ala. 186; *Morgan v. Farned*, 83 Ala. 367; *Lyon v. Hamner*, 84 Ala. 197.

There is no error in the record.

Affirmed.