# Slappey *v.* Hodge Bros.

*Bill in Equity for Injunction of Judgment at Law.*

' 1. *Equitable relief against judgment at law, on ground of accident or mistake.*—A court of equity will not grant relief against a judgment at law, on the ground that, by accident or mistake, it was rendered for a greater amount than was due, when it appears that the defendant, when served with process, put the papers in his pocket without reading them, did not show them to his attorney, but told the attorney that he was sued for the sum which he admitted to be due, and the attorney thereupon consented to the. rendition of the judgment as claimed, not knowing that the amount was greater than his client admitted to be due.

APPEAL from the Chancery Court of Lee.
Heard before the Hon. S. K. McSPADDEN.

J. J. ABERCROMBIE, for appellant, cited *Johnson v. Ogilby*, 2 Eq. Cas. Abr. 31 ; *Chesterfild v. Jansen*, 2 Vesey, 155 ; *Bartlett v. Salmon*, 6 D. M. & G. 40 ; *London Assurance Co. v. Moses*, 11 L. T. 532.

A. & R. B. BARNES, *contra*, cited *Noble v. Moses Bros.*, 74 Ala. 604 ; 3 Brick. Digest, 547, §§ 347–50.

McCLELLAN. J.—The object of the present bill, which is prosecuted by Slappey, is to enjoin the enforcement and collection of a money judgment recovered against him by Hodge Brothers in the Lee Circuit Court. Its averments make the following case : Complainants owed defendants about three hundred and twenty-five dollars, evidenced by a promissory note. This was a balance left unpaid of an originally larger indebtedness. Hodge Brothers brought their action in the Circuit Court for the amount of this original debt. Summons and copy of the complaint were regularly served on Slappey, the defendant. He, as the bill alleges, "carelessly put the summons and complaint in his pocket, and never read it ; he told his attorney of it, but did not show the summons and complaint to him, but informed him, said attorney, that the suit was for said three hundred and twenty-five dollars and no more." The trial term of the case coming on, his attorney was, by leave of the court, absent in attend-

[Slappey v. Hodge Bros.]

ance upon a court of another State, but before his departure he consented with the attorney for plaintiffs, or there was an agreement between them, that judgment should be rendered for plaintiffs. This consent was given, or this agreement was entered into, by Slappey's attorney under the supposition and belief on his part, induced by frequent statements of his client to that effect, that the suit was for the said sum of three hundred and twenty-five dollars, and he therefore thought that he was consenting and agreeing to the rendition of a judgment in that amount. In pursuance of this consent and agreement judgment was in fact had for the larger amount claimed in the complaint.

The bill contains no averment, or intimation even, of any fraud on the part of plaintiffs in procuring the judgment. They were in no wise responsible for the erroneous supposition indulged in by the defendant and his attorney as to the amount claimed in the action, nor were they aware of this misapprehension on the part of defendant's attorney, or of his consent to judgment being given with reference thereto. The bill is manifestly without equity. While it alleges a meritorious defense as to a part of the demand for which judgment passed, and tenders that part as to which no defense existed, it not only fails to negative fault on the part of complainant in respect of making his defense in the Circuit Court, but, to the contrary, affirmatively shows that his failure to defend was the result of his own omission, fault or neglect; and there is an utter absence of averment of any fraud or any act on the part of the plaintiffs to which defendant's failure to defend can be attributed. There was, therefore, no error in the decree of the Chancery Court sustaining demurers to the bill and granting the motion to dismiss it for the want of equity.—3 Brick. Dig., p. 347, §§ 230, et seq., Noble v. Moses Bros., 74 Ala. 604; Watts v. Frazer, 80 Ala. 186; Hall v. Pegram, 85 Ala. 522.

Affirmed.