# Wilks v. Appling.

### Bill to Foreclose Vendor's Lien.

1. *Vendor's lien superior to contemporaneous mortgage by agreement.*—The owner of lands, on which he had given a mortgage, sold the same for an amount exceeding the mortgage debt, the mortgagee cancelling the mortgage of the vendor, and accepting a new one from the vendee, who gave the vendor at the same time a note for the balance of purchase money: *Held*, on reviewing the entire evidence, that the vendor had the superior lien by agreement of parties.

[Wilks v. Appling.]

2. *Mistake in description in bill of complaint.*—Where a bill in equity contains in different sections inconsistent descriptions of land, not objected to by answer or otherwise, a decree following the correct description in the bill as shown by the evidence, will not be reversed.

APPEAL from Fayette Chancery Court.

Tried before the Hon. THOS. COBBS.

The opinion of the court is a review of the evidence and finding on the facts. It is not deemed necessary to set forth the testimony in detail further than stated in the opinion. The chancellor granted complainant relief. Respondents appeal.

MCEACHIN & SMITH, and GRAHAM & STEINER, for appellants.

DANIEL COLLIER, *contra.*

COLEMAN, J.—Wm. F. Appling filed the present bill to enforce the vendor's lien upon certain land, to satisfy a balance of forty-three dollars and interest thereon due for the purchase money. Complainant's vendee C. M. South, and one Ponder, a sub-purchaser, and C. J. Wilks, a mortgagee of the vendee South, are made parties defendant. The mortgagee, it seems, had foreclosed her morgage and become the purchaser before the filing of the bill by complainant. Decrees *pro confesso* were entered against South and Ponder. C. J. Wilkes answered the bill, and in her answer denied that the vendor had retained a vendor's lien, and averred, that by the agreement of sale and purchase of the land it was understood and agreed that the balance due for the purchase money should be subordinate to the mortgage debt. This was the real issue of contest between the parties, and the question is simply one of fact. The situation of the parties was, that C. J. Wilks held a mortgage upon the land executed by Appling prior to the sale to South. All the parties met by agreement and took part in the transaction of the sale and settlement. Appling's debt to Wilks in round numbers was three hundred and seventy-five dollars. The land was valued at four hundred and twenty-five dollars. The difference in favor of the land was fifty

dollars. This amount was credited with seven dollars, and South executed his note to Appling for forty-three dollars specifying that it was given for land and stating the numbers of the land. C. J. Wilks cancelled and surrendered to Appling his note and mortgage, and took from South his note and a mortgage on the land for the amount of Appling's debt. These facts are proven. We are of opinion that the preponderance of the evidence is fairly with the complainant. Some stress is laid upon a statement in the testimony of South, where he says that he was to pay Wilks before he paid the balance due Appling, but this statement properly interpreted in connection with the remainder of his evidence and the facts, is entitled to but little weight as bearing on the real issue. The notes and mortgage given by South to Wilks were executed after Appling had concluded the transaction and left the parties, and the mortgage notes were made to mature before the note due to Appling. No doubt South agreed, as shown by the date of the maturity of his notes, to pay Wilks before paying Appling. The transaction so far as Appling was concerned had been concluded and he had left the parties before the execution of the notes and mortgage by South. Taking the testimony of South as a whole is sustains the claim of the complainant. The testimony of complainant is full as to the entire transaction and it satisfies us that he sold the land with the understanding that his debt was to be extinguished and he was to be secured for the excess of the value of the land over the debt by a lien upon the land. This was the conclusion reached by the chancery court, and we concur in it.

The other objection to the decree cannot avail. True in the second paragraph of the bill the land is described as the S. 1-2 of N. E. 1-4 and in other paragraphs as S. 1-2 of N. W. 1-4, but the proof without conflict shows that the latter description was correct, and the decree properly describes the land to be sold. An objection of this character ought to have been pointed out in the answer or by motion. No reference is made to the misdescription in the 2d paragraph of the bill by the answer or elsewhere in the pleadings. We find no error in the decree.

Affirmed.