[Cleveland, et al. v. Insurance Co. of North America.]

# Cleveland, *et al. v.* Insurance Co. of North America.

### *Bill to Prevent Multiplicity of Suits.*

(Decided May 9, 1907.  44 South. 37.)

1. *Injunction: Restraining Action: Multiplicity of Suits.*—A bill will lie at the instance of insurer to enjoin actions at law and to prevent a multiplicity of suits where the insured has begun action on the policy and two of insured's creditors have begun separate actions and issued garnishments against insurer to enforce same.

2. *Appeal; Interlocutory. Decree.*—In the absence of a final decree this court will not review on appeal the action of the court in sustaining exceptions to an answer, the same not coming within the purview of section 427, Code 1896.

APPEAL from Gadsden City Court.

Heard before Hon. JOHN H. DISQUE.

Bill by the Insurance Company of North America against W. J. Cleveland and others. From a decree overruling demurrers to the bill and a motion to dismiss, defendants appeal. Affirmed.

W. J. Cleveland had a policy of insurance on his stock of goods and store, and during the life of said policy his store and contents burned. The First National Bank of Gadsden and S. Schiffman & Co. brought suit against Cleveland for a debt due them by Cleveland, and had process of garnishment issued to the insurance company, and W. J. Cleveland brought his suit against the insurance company to recover the face of the policy. The bill in this case sets up these facts, and complaining that it was harrassed and vexed by a multiplicity of suits, and asks for an injunctilon restraining these various suits and that the court will take charge of the matter and adjust all the equities of each party. The policy is made

an exhibbit to the bill. The bill makes W. J. Cleveland, S. Schiffman & Co., and the First National Bank parties respondent, and demurrers were interposed to the bill, and a motion was made to dismiss the bill for want of equity, all of which was overruled.

BOYKIN & BRINDLEY and M. C. SILVEY, for appellant. —Multitude is more than three persons and three persons will not constitute a multitude.—*Pike v. Witt,* 104 Mass. 497; 20 A. & E. Ency. of law, p. 1080. There was no equity in the bill on the ground that such bill will relieve the complainant from vexatious litigation and from being harrassed by a multiplicity of suits.—*Turner, et al. v. Mobile,* 135 Ala. 72; *Attalla M. & F. Co. v. Winchester,* 104 Ala. 192; *Tribbitts v. Ill. C. R. R. Co.,* 19 L. R. A. 660. The complainant has an adequate remedy at law.—*Crawford v. Clute,* 7 Ala. 157; *Crawford v. Slade,* 9 Ala. 887; 12 Cyc. 1140. By application to the judge of the city court complainant might have secured relief against successive suits or garnishments upon the same funds.—Authorities supra; *Warren v. Matthews,* 96 Ala. 183. Claims must not be entirely distinct, unconnected and independent.—*Jones v. Hardie,* 127 Ala. 221. For further authority that the bill was without equity we cite the following.—*Florence Gas. Co. v. Handy,* 101 Ala. 15; *Hall v. Henderson,* 114 Ala. 325; *Falk v. Calloway,* 123 Ala. 325; *Simmons v. Cain,* 138 Ala. 221.

DORTCH, MARTIN & ALLEN, for appellee.—As conclusive of the matters presented on this appeal we cite the case of *Turner, et al. v. City of Mobile,* 135 Ala. 72, *Tribbetts v. Ill. C. R. R. Co.,* 19 L. R. A. 660.

ANDERSON, J.—The jurisdiction of the court of equity will be exercised "in suits by a single party against a number of persons to restrain the prosecution

[Cleveland, et al. v. Insurance 'Co. of North America.]

of simultaneous actions at law brought gainst him by each defendant, and to procure a decision of the whole in one proceeding, where all of the actions depend upon the same law and facts."—1 Pomeroy, § 274. All the suits set up in the bill in the case at bar are by different parties against this complainant, but each seeks to recover of and fix its liability under the same policy of insurance. A judgment, if in favor of the complainant, in no one of them would operate as a bar to the other suits, notwithstanding the law and facts would be the same in each of them. There being a community of interest in the subject-matter, and the sole question in each case being the complainant's liability vel non and the fixation of the amount in case of liability, there can be but one true assessment of the actual amount of the loss, and yet each jury might put it at a different sum.—*Morgan v. Morgan,* 3 Stew. (Ala.) 383, 21 Am. Dec. 638; *Tisdale v. Insurance Co.,* 36 South. 568, 84 Miss. 709; *Hightower v. M. & K. R. R.* (Miss.) 36 South. 82; *Virginia Chemical Co. v. Ins. Co.,* 113 Fed. 1,.51 C. C. A. 21. The case of *Turner v. Mobile,* 135 Ala. 73, 33 South. 132, is not in conflict with what we here hold. There the suits did not involve the same subject-matter, as each suit was for a separate and distinct parcel of land, and there was no community of interest or title in all parties to any parcel of the land involved in any one suit. Here the sole question involved in each siut is the liability of the complainant to Cleveland under a certain policy of insurance.

The judge of the city court properly overruled the motion to dismiss the bill for want of equity, as well as the demurrers to the amended bill. The appeal not being from a final decree, and the action of the judge in sustaining exceptions to the answer not being within the class provided for by section 427 of the Code of 1896, we cannot review the action of the court below in this re-

13 R

spect, upon this appeal.—*Hood v. Southern Ry.*, 133 Ala. 374, 31 South. 937; *Richardson v. First National Bank*, 119 Ala. 287, 24 South. 54.

The decree of the city court is affirmed.

Affirmed.

TYSON, C. J., and DOWDELL and MCCLELLAN, JJ., concur.