(130 So. 381)

**MARDIS v. BURNS.**

**8 Div. 172.**

Supreme Court of Alabama.

Oct. 9, 1930.

Rehearing Denied Nov. 6, 1930.

Jas. C. Roberts, of Florence, for appellant.

Simpson & Simpson, of Florence, for appellee.

GARDNER, J.

The equity of the original bill, filed by appellee against appellant, rested upon the enforcement of a vendor's lien for the payment of an alleged balance due on exchange of property. Defendant insisted he did not purchase of complainant the entire tract of 8.34 acres, but only 6.34 acres, and that he owed nothing thereon. This constituted the disputed issue of fact upon which much evidence was taken. No occasion here arises for any detailed discussion of the evidence.

▪ At the conclusion of the testimony complainant amended her bill, but not in the alternative, by charging that the description in the deed she made to defendant was so indefinite as to render the same void for uncertainty, and prayed the cancellation thereof. Defendant challenged the equity of the amended bill by demurrer duly interposed. Defendant, as appeared from the bill, was in possession of the property, and, if the deed was void as alleged, the remedy at law was adequate, and the demurrer was due to be sustained. Tyson v. Brown, 64 Ala. 244; Watts v. Frazer, 80 Ala. 186; Jordan v. Phillips, etc., Co., 126 Ala. 561, 29 So. 831; 5 Michie, Dig. p. 480.

▪▪ There appears an agreement of counsel that the cause be submitted on the demurrer "with the submission of the case in chief at the June term." A final decree was rendered without a ruling on the demurrer. Defendant, evidently resting content upon his demurrer, had interposed no answer. The cause was not at issue as to the amended bill,

and the rendition of a final decree was error. Smith v. Smith, 212 Ala. 133, 101 So. 903. A reversal, under these circumstances, is the general rule, though there are some exceptions. Thomas v. Barnes, 219 Ala. 652, 123 So. 18; Pate v. Hall, 220 Ala. 411, 125 So. 650.

This case does not come within any exceptions to the general rule. The agreement as to submission, the failure of defendant to file a note of testimony as required by Chancery Rule 75, or to file answer, all indicate defendant's reliance upon his demurrer, and his anticipation that a ruling thereon would eliminate the amendment to the bill from consideration.

In the final decree rendered, the chancellor pretermitted a determination of the issue of fact above outlined, and rested the decision canceling defendant's deed upon the averments of the amendment that complainant's deed was void for indefiniteness of description, this upon the theory the exception of the two acres was void. But this would only affect the exception, and not the entire conveyance. Swindall v. Ford, 184 Ala. 137, 63 So. 651.

Defendant was in possession of the property purported to be conveyed to him by complainant, and it does not appear to be the insistence that the description in the deed is void, eliminating the excepted two acres from consideration. Martin v. Baines, 217 Ala. 326, 116 So. 341; East v. Karter, 215 Ala. 375, 110 So. 610; Aiken v. McMillan, 213 Ala. 494, 106 So. 150; Minge v. Green, 176 Ala. 343, 58 So. 381; Cottingham v. Hill, 119 Ala. 353, 24 So. 552, 72 Am. St. Rep. 923.

But we need enter no consideration of this question, for, as above indicated, such theory of cancellation of the deed for the reason indicated should have been eliminated by a ruling upon the demurrer. Nor should defendant's cross-bill be overlooked, whereby he seeks a reformation of his deed so as to correctly describe the property he insists he purchased.

So it would seem the entire case reverts to the issue of fact as presented by the original bill and denials of the answer, for upon a determination thereof rests the rights of the parties. Under the circumstances here presented, a discussion of the question on this appeal would not seem appropriate.

It results that the decree rendered will be reversed, and the cause remanded for further proceedings.

Reversed and remanded.

ANDERSON, C. J., and BOULDIN and FOSTER, JJ., concur.