147 So. 156

## PRICE v. HALL.

### 8 Div. 449.

Supreme Court of Alabama.

March 23, 1933.

D. Isbell, of Guntersville, for appellant.

Joe Starnes, of Guntersville, for appellee.

GARDNER, Justice.

■ Inadequacy of a remedy at law is the foundation stone upon which equity jurisprudence rests, and it is therefore a fundamental rule that before a complainant is entitled to relief in a court of equity, he must have no plain and adequate remedy at law. Bullard

Shoals Mining Co. v. Spencer, 208 Ala. 663, 95 So. 1; National Life & Accident Ins. Co. v. Propst, 219 Ala. 437, 122 So. 656; Yellow Pine Export Co. v. Sutherland-Innis Co., 141 Ala. 667, 37 So. 922; Turner v. City of Mobile, 135 Ala. 73, 33 So. 132; Hunt v. Jones, 203 Ala. 541, 84 So. 718; Fair v. Cummings, 197 Ala. 131, 72 So. 389.

The bill disclosing that complainant is not in possession of the land but that defendant is, its equity could not be rested upon the statutory jurisdiction to quiet title (sections 9905, 9906, Code 1923), nor upon the theory of removing a cloud on the title.

The authorities relied upon by counsel for complainant (among them King Lumber Company v. Spragner, 176 Ala. 564, 58 So. 920, 921), to the effect that equity has jurisdiction to quiet title independent of the statute, are rested upon the assumption, of course, that the party complainant is in possession of the land. The above cited case, by way of illustration, expressly states such equity jurisdiction "when the owner is in possession." We may add also, the brief contains some statements as to matters that admittedly do not appear in this record, and, of course, are not here to be considered.

We construe the averments of the bill to the effect that complainant's title is superior, and that all muniments of title through which defendant claims are void, and should be canceled and annulled. So construed, the remedy at law in an action of ejectment offers an adequate remedy and no reason appears upon the face of the bill why a resort to that forum would not suffice. Mardis v. Burns, 222 Ala. 31, 130 So. 381. As said in Jordan v. Phillips, 126 Ala. 561, 29 So. 831, 832, and applicable here: "For the recovery of the possession of the land, as well as for recovery of rents or damages for use and occupation, the complainants have a complete and adequate remedy at law."

The demurrer to the bill takes the point, and was due to be sustained.

Let the decree be reversed.

Reversed and remanded.

ANDERSON, C. J., and BOULDIN and FOSTER, JJ., concur.