174 So. 293

### ALTMAN v. BARRETT et al.

### 6 Div. 81.

Supreme Court of Alabama.

April 15, 1937.

Rehearing Denied May 27, 1937.

Chas. W. Sanders and Luke P. Hunt, both of Birmingham, for appellees.

Altman, Abele & Hawkins, of Birmingham, for appellant.

FOSTER, Justice.

This is a suit in equity, and alleges that on January 12, 1934, a judgment at law was rendered in favor of Lydia McFerren against J. C. Barrett for $5,000 on a tort action. An execution issued, and was levied upon real estate and sold by the sheriff under its authority. At the sale, complainant, who was plaintiff's attorney, became the purchaser, and received a sheriff's deed, date February 26, 1935. The deed embraces various separate pieces of property.

On July 31, 1936, the original bill in this suit was filed. It alleges that at various times, different pieces of such property were conveyed by J.C. Barrett to the other respondents, respectively, all subsequent to the accrual of the claim on which judgment was rendered—some before and some after its rendition.

In an amendment filed September 10, 1936, in paragraph 40, it is alleged that three items of the property described have come into the possession of complainant by the tenants attorning to complainant, and paying him rent. But as to the other pieces of property no such possession has been obtained. That was several months after the bill was originally filed. The allegation in the amendment is not made that such possession was acquired before the original bill was filed. That bill did not allege, as we understand it, that complainant had possession of any of the property at that time.

Demurrers were addressed by the separate respondents to the bill as a whole because it was multifarious in joining disconnected transactions and parties, and because complainant had an adequate remedy at law, since he was not in possession of the lands, the subject of the suit. The court, in a decree rendered November 25, 1936, sustained the demurrers, and held that a complete and adequate remedy at law was available, and ordered that the cause be transferred to the law side of the court, provided "no appeal is taken from this ruling within the time required by law," but that if an appeal be taken, that the cause be retained in equity pending the appeal. No provision was made for a further amendment of the bill. It had been amended three times, but there had been no previous decree on demurrers.

■ On December 1, 1936, complainant filed a motion to set aside and vacate the decree of November 25, 1936, and also in another motion sought to amend the bill further, as per a proposal then submitted to the court. On December 18, 1936, there was a submission on the motions. On December 23, 1936, they were overruled. Appeal was taken on January 7, 1937, from those of November 25th and December 23d, supra, and was within due time under sections 6079, 6670, Code, as interpreted in Williams v. Knight, 233 Ala. 42, 169 So. 871 (6).

■ On the appeal, the decree on demurrers to the bill as amended is due to receive our consideration, unless there was a transfer to the law docket. We have held that when the court sustains a demurrer to a bill because there is an adequate remedy at law, and transfers the cause to the law docket, an appeal is not available under section 6079, Code, but that complainant may test the question by mandamus. Jones v. Wright, 220 Ala. 406, 125 So. 645. That authority would govern the procedure here, so that mandamus would be the appropriate remedy, if the record showed an effectual order of transfer. Appellant has also petitioned for a mandamus. This could have been attached to the certified transcript, as an alternative method of review, without making a separate transcript.

But we think the question of whether appellant has an adequate remedy at law, and that the bill is therefore without equity, is properly reviewable by appeal because we think the order did not have the effect of transferring the cause to the law docket.

■ With respect to the merits of the equity of the bill, when so tested, it seems only necessary to refer to our numerous cases which hold that a purchaser at execution sale out of possession has an adequate remedy at law by suit for the recovery of the land to test the validity of the deeds made by the judgment debtor, as against an attack of fraud, actual or constructive. When so, equity is without jurisdiction on that account, unless, of course, there is some other ground of equity. Smith's Ex'r v. Cockrell, 66 Ala. 64, 82; Grigg v. Swindal, 67 Ala. 187; Pettus v. Glover, 68 Ala. 417; Betts v. Nichols, 84 Ala. 278, 4 So. 195; Brown v. Hunter, 121 Ala. 210, 25 So. 924; Gunn v. Hardy, 130 Ala. 642, 31 So. 443; Mardis v. Burns, 222 Ala. 31, 130 So. 381.

■ In the suit at law a recovery may be had for rents and other damage for de-

tention, and equity need not be resorted to for a discovery for that purpose. Section 7453, Code.

The bill does not contain sufficient allegations to give it standing for an accounting, independent of other equitable relief. Dewberry v. Bank of Standing Rock, 227 Ala. 484, 150 So. 463; Lindsey v. Standard Accident Ins. Co., 230 Ala. 633, 162 So. 267.

We think the demurrer to the bill as amended was properly sustained for the reason thus assigned by the trial judge. The court probably also sustained the demurrer on the ground that the bill was multifarious in uniting separate and disconnected transactions.

■ After the sale under execution, the purchaser is not in the attitude of a creditor seeking to collect his debt, though he be the judgment plaintiff. Before he buys, he is a creditor, and when he files a bill seeking to set aside sales for fraud, he has one purpose—to collect his debt, and his bill is not multifarious, though it seeks to subject property conveyed by different transactions. Birmingham Property Co. v. Jackson Sec. & Inv. Co., 226 Ala. 612, 148 So. 316; Lambert v. Anderson, 224 Ala. 110, 139 So. 287, and cases cited. After the sale he is a landowner, and his remedy must be so gauged. When he files a suit as to various tracts alleging that each has a cloud on it by virtue of a separate fraudulent conveyance to a different party, involving separate transactions and parties, his bill is multifarious. Wharton v. First Nat. Co., 230 Ala. 421, 161 So. 825; Southern Steel Co. v. Hopkins, 174 Ala. 465, 57 So. 11, 40 L.R.A.(N.S.) 464, Ann.Cas. 1914B, 692; Hamilton v. Alabama Power Co., 195 Ala. 438, 70 So. 737.

■ When so, and a demurrer is sustained to it, whether on that ground or not, it should not be transferred to the law docket under section 6486, Code, since it is not of such sort that the suit could proceed at law. After such transfer it would be subject to the objection that there is a misjoinder. For under the Act of September 13, 1935 (Gen.Acts 1935, p. 1010), the court should not permit a joinder or order a consolidation such as will "bring about a complication of issues of fact, embarrassment or delay in the trial, [and] difficulty to the parties, the jury, and the court." Ex parte Ashton, 231 Ala. 497, 501 (8), 165 So. 773, 776, 104 A.L.R. 54.

In this matter, each alleged cloud is dependent upon different facts and transactions and between different parties. To try them all at one time, especially in a law court, in our judgment, would complicate the issues of fact, tend to confusion and difficulty, which should not be approved. We would not approve a transfer to law of a suit which would be in that status and subject to that objection. Appellee is making that objection.

If complainant wishes to retain the suit as to one tract, so that it may be transferred to and tried in a law court, he can amend by striking out all other tracts. Of course, he could begin new and separate actions to recover each of the other tracts of which he is out of possession. He could also file new suits in equity as to those tracts of which he has obtained possession pending the suit, each separately.

■ But the equity of the present bill must depend upon facts which existed when it was filed. Scheerer v. Agee, 113 Ala. 383, 21 So. 81; Planters' & Merchants' Mut. Ins. Co. v. Selma Bank, 63 Ala. 585; Allred v. State, 205 Ala. 193, 87 So. 842. If he was in possession of any one of the tracts when the bill was filed, he can, if he wishes, amend the bill so as to eliminate all others, and seek equitable relief as to that only, filing other appropriate suits as to the other tracts.

We have made reference to the question of transferring the suit to the law docket, although such transfer has not been made, so that our views may be expressed in anticipation of further progress in that direction.

■ Appellant also seeks by a petition for mandamus to review an order of the court declining to require the respondents to answer interrogatories. We think the proper rule in that connection is that a bill of complaint in equity shall not be subject to a general demurrer for want of equity, to justify a requirement that interrogatories filed under section 6569 or 7764, Code, be answered before a plea or answer is filed. If it shows an equitable right, but is subject to demurrer for amendable defects, complainant should have his pertinent interrogatories answered. See, Ex parte Nolen, 223 Ala. 213, 135 So. 337; 18 Corpus Juris, 1104. But they cannot serve as a mere fishing expedition to discover some fact which may then be alleged to give the bill equity, when as filed, it is without equity. Ex parte Nolen,

238

supra; Ex parte Pollard, 233 Ala. 335, 171 So. 628.

We think that the decree sustaining the demurrer was without error, but it should not have conditionally ordered a transfer to the law docket as the bill is now set up, and should allow complainant to amend the bill within thirty days.

The decree is modified to that extent, and, as modified, it is affirmed, and mandamus is denied.

Modified and affirmed. Mandamus denied.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.