22 So.2d 895

RHODE ISLAND INS. CO. v. NELSON et al.

6 Div. 372.

Supreme Court of Alabama.

July 26, 1945.

148

Kingman C. Shelburne, J. S. Mead, and Mead, Moebes & Moloney, all of Birmingham, for appellant.

Jackson, Rives & Pettus, of Birmingham, for appellee Nelson.

BROWN, Justice.

The bill in this case was filed by the appellant Rhode Island Insurance Company, a corporation, against A. H. Nelson, The First National Bank of Birmingham, Ernest E. Stuart, W. T. McGlathery and Edna Mae McGlathery, the latter engaged in business as partners under the name and style of W. E. Richardson Machine Company, and seeks to enjoin Nelson from prosecuting to judgment two actions of assumpsit brought by him against the complainant to recover sums of money alleged to be due under two policies of insurance, insuring said Nelson against hazard by fire, and to enjoin The First National Bank of Birmingham from prosecuting a garnishment proceedings sued out on judgment against Stuart, who is one of Nelson's at-

torneys of record; and to enjoin the McGlatherys from filing a suit against Nelson and prosecuting a garnishment proceedings in aid thereof against the complainant, which the bill alleges they are threatening to do.

Upon the filing of the bill the same was presented to the Hon. E. M. Creel, Judge of the Circuit Court of Jefferson County, for a temporary injunction, and was set down for hearing on notice to the respondents, and after such hearing the application for a temporary injunction was refused. This appeal is prosecuted under the provisions of Section 1057, Tit. 7, Code 1940, and was submitted here on the appeal on Thursday, the 28th day of June, the last Thursday on which the Court will be in session during this term.

■ The complainant relies largely on the holding of this court in Cleveland v. Insurance Co. of North America, 151 Ala. 191, 44 So. 37, 38, to sustain the equity of its bill, as one to prevent a multiplicity of suits, on the theory that all of said proceedings in the law court against the complainant depend upon the same law and facts, in which all the parties have "a community of interests in the subject-matter, and the sole question in each case being the *complainant's liability vel non* and the fixation of the amount in case of liability." [Italics supplied.] The facts alleged in the bill do not bring the case within this principle. Stuart is not a party to the actions at law and there is an absence of averment in the bill that Nelson is indebted to him in any amount, or will be so indebted at the termination of the litigation.

■ The McGlatherys have not instituted any proceeding and whether they will proceed is left to pure conjecture. As observed by Chief Justice Anderson, who was the author of the opinion in Cleveland v. Insurance Co. of North America, 151 Ala. 191, 44 So. 37, "At any rate, it is now settled that there must not only be a community of law and facts, but each person must have an interest in the suit of the others." Wharton et al., v. First Nat. Co. of Birmingham, 230 Ala. 421, 161 So. 825. Clearly, the McGlatherys have no interest in the controversy between The First National Bank of Birmingham and Stuart, nor has The First National Bank of Birmingham any interest in the controversies between the McGlatherys and Nelson.

Moreover, the anticipated hazard of different verdicts by different juries, touching the controversies, can be easily met by

an order of the law court consolidating all of said controversies, as authorized by Code 1940, Tit. 7, § 221.

Our conclusion, therefore, is that the decretal order of the circuit court, sitting in equity, denying the temporary injunction is due to be affirmed, and that the supersedeas order by this court of June 5, 1945, be and the same is vacated.

Affirmed and order of supersedeas vacated.

GARDNER, C. J., and LIVINGSTON and SIMPSON, JJ., concur.