# Powell *v.* Rankin & Co.

# Little *v.* Rankin & Co.

*Motion to Vacate Levy of Attachment on Goods Replevied.*

1. *Personal property levied and replevied not subject to subsequent levy.* It is settled law in this State that personal property levied on by attachment or execution, and replevied, is in the custody of the law, and is not subject to levy by junior attachment or execution ; and if a second levy is made, it will be vacated, on motion, by the party in interest.

APPEAL from the Circuit Court of Cullman.

Tried before Hon. JAMES AIKEN.

N. L. Powell, a merchant in the town of Cullman, sold his stock of merchandise, on the 7th of November, 1884, to Absalom Little, who took possession of the goods. On the 10th of November, 1884, two attachments, one in favor of Carter, Dunbar & Co., and the other in favor of Buford, McLester & Co., issued against the said N. L. Powell, were, by the sheriff, levied upon the stock of goods, in the possession of said Little, who, on the 12th of November, 1884, made affidavit that the prop-

perty was his, and gave bond as required by law in claim suits; whereupon the property was restored to his possession. After-wards, on the 13th of November, 1884, the sheriff levied other attachments, one in favor of appellees, Rankin & Co., on the identical property in the possession of said Absalom Little, which he had recently replevied and taken into his possession. N. L. Powell and Absalom Little each made motion in the Cir-cuit Court to vacate the levy of the attachment by Rankin & Co., and upon the trial of these motions the court below over-ruled the motions, to which action of the court moveants ex-cepted, and assign the same for error.

H. L. WATLINGTON, for appellant, N. L. Powell.

GEO. H. PARKER, H. L. WATLINGTON, and HAMILL & LUSK, for appellant Little, insisted that so long as the property re-mained in the possession of the claimant it is regarded as in the custody of the law, and a second levy can not be made on it till the claim suit is determined—citing 1 Brick. Dig. p. 896; *McLemore v. Benbow*, 19 Ala. 76; *Kemp & Buckley v. Por-ter*, 7 Ala. 138; *Langdon & Co. v. Brumby*, 7 Ala. 53; *Riv-ers & Weems v. Wilbourne*, 6 Ala. 45; *Cordaman v. Malone*, 63 Ala. 556; *Scarborough v. Malone et al.*, 67 Ala. 570.    2. The claimant is a proper person to move to set aside the levy.—*Mc-Lemore's Adm'r v. Benbow*, 19 Ala. 76; *Lehman Bros. v. Howze et al.*, 73 Ala. 302; *Rhodes & Bradford v. Smith*, 66 Ala. 177.    The case of *McLemore's Adm'r v. Benbow, su-pra*, is decisive of the case at bar.

W. T. L. COFER, for appellees.    (No brief on file.)

SOMERVILLE, J.—It has long been settled law in this State, that where personal property is levied on under a writ of attachment, or of execution, and is replevied, either by the defendant, by a stranger in his behalf, or by a claimant who is not a party to the suit, and the property is delivered by the sheriff to such person, upon his executing a proper forthcom-ing bond in the manner prescribed by statute, the property is thus placed in the custody of the law, and a second attachment, or second execution not superior in lien, can not be levied on it by the sheriff, so long as its *status* remains unchanged.    And, if such second levy is made, it will be vacated by the court hav-ing jurisdiction, on motion made by a party in interest who is prejudiced.—*Cordaman v. Malone*, 63 Ala. 556; *Scarborough v. Malone*, 67 Ala. 570; *McLemore v. Benbow*, 19 Ala. 76; *Rives v. Wilborne*, 6 Ala. 45; Code, 1876, §§ 3290, 3341. The doctrine thus settled is liable to grave abuses, of which we

[Smith v. Baker.]

are not unmindful. And so the like would be true of the opposite rule, were it adopted. Our predecessors considered this subject in *Langdon v. Brumby*, 7 Ala. 53, and adhered to the principle which we have above announced; and it has not since been departed from in any subsequent decision.

The defendant in attachment, Powell, who is appellant, in the first of these causes, clearly had no such interest in the property, as to be in any manner prejudiced by the levy of the junior attachment in favor of appellees, which is sought to be vacated. He had sold the property to Little, and the motion could be made only in Little's name, as was properly done in the second of the above stated causes.

It follows that, in the first cause, there is no error prejudicial to appellant, Powell, and the judgment must be affirmed.

In the second cause, the judgment is reversed in behalf of the appellant, Little, and a judgment rendered in this court, vacating and setting aside the levy of the writ of attachment, issued in favor of the appellees, Rankin & Co.