(77 South. 724)

ROBERTSON v. CITY OF MONTGOMERY.
(3 Div. 311.)

(Supreme Court of Alabama. Nov. 15, 1917. On Rehearing, Jan. 24, 1918.)

1. INTOXICATING LIQUORS ⬤�söw11—STATE AND MUNICIPAL REGULATIONS.

As Acts 1915, pp. 555, 558, §§ 5, 15, make the mere possession of a quart or less of whisky in more than one receptacle an offense a municipal ordinance penalizing a like possession of prohibited liquors, is valid, and does not violate Const. 1901, § 89, inhibiting the Legislature from authorizing municipalities to ordain to an effect inconsistent with the general laws of the state.

2. CRIMINAL LAW ⬤⟶394 — EVIDENCE — EVIDENCE WRONGFULLY OBTAINED.

Evidence of an offense, state or municipal, that is obtained by an illegal and unauthorized search, is admissible to establish the guilt of the person searched, for the discovery of the offense through illegal means cannot exonerate the offender.

3. CRIMINAL LAW ⬤⟶1144(4)—APPEAL—REVIEW—PRESUMPTIONS.

Where the record of a prosecution for violating a municipal ordinance showed no ruling on defendant's demurrer to the complaint, it will be presumed that the demurrer was not insisted upon.

On Rehearing.

4. MUNICIPAL CORPORATIONS ⬤⟶639(1)—VIOLATION OF ORDINANCE—TRIAL—WAIVER OF COMPLAINT.

Where defendant, who was charged with violating a municipal ordinance, was tried on the original affidavit, and on appeal to the circuit court filed a demurrer to the complaint,

⬤⟶For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

which from its terms was directed to the affidavit, it must be deemed, defendant not having demanded the filing of a complaint or statement, that he acquiesced in the omission of the same, and no objection on account of its absence can be made on appeal.

Appeal from Circuit Court, Montgomery County; Leon McCord, Judge.

Russell Robertson was convicted in the municipal court of violating an ordinance of the city of Montgomery by having in his possession a quart or less of whisky in receptacles of capacities less than a quart, and, being again convicted on appeal to the circuit court, he again appeals. Transferred from Court of Appeals under section 6, p. 450, Acts 1911. Affirmed.

Brassell & Brassell, of Montgomery, for appellant. Andrews & Rives, of Montgomery, for appellee.

McCLELLAN, J. The appellant was convicted, in the municipal court, of having in his possession a quart or less of whisky in receptacles of capacities less than a quart. He appealed to the circuit court, and was there again adjudged guilty.

[1] The mere possession of a quart or less of whisky in more than one receptacle is an offense, and is forbidden by the laws of the state. State ex rel. v. Southern Express Co., 75 South. 343, 348;[1] Gen. Acts 1915, p. 555, § 5. In addition to the reference in section 5 of the cited act to the rule of evidence predicated of the mere possession of a quart or less of the prohibited liquors described in the act while contained in more than one receptacle of a capacity below a quart, that section of the act also expressly declares such possession to be unlawful. Section 15 of the act prescribes penalties for offending its mandates. It is manifest that the ordinance of the city of Montgomery, forbidding and penalizing a like possession of prohibited liquors, is entirely consistent with the state laws on the subject, and does not infract section 89 of the Constitution, which inhibits the Legislature from undertaking to authorize municipalities to ordain to an effect inconsistent with the general laws of the state.

[2] Evidence of an offense, state or municipal, that is obtained by a search which was illegal and unauthorized is admissible to establish guilt upon the person searched. Shields v. State, 104 Ala. 35, 16 South. 85, 53 Am. St. Rep. 17; Pope v. State, 168 Ala. 23, 40, 53 South. 292. Of course, the discovery of the offense and of the offender, even through such illegal means, cannot exonerate the offender from prosecution or conviction.

[3] It is urged for the appellant that the circuit court erred in overruling his demurrer to a complaint. There is in the record no ruling on the appellant's demurrer to a complaint. The presumption is that the demurrer was not insisted on; no ruling on it appearing. Cent. of Ga. Ry. Co. v. Ashley, 159 Ala. 145, 152, 153, 48 South. 981.

There is no error shown by the record. The judgment is affirmed.

Affirmed.

ANDERSON, C. J., and SAYRE and GARDNER, JJ., concur.

On Rehearing.

McCLELLAN, J. [4] There was an affidavit (complaint) upon which the appellant was tried in the recorder's court, charging the offense of which the appellant was convicted in the circuit court. Along with the transcript from the municipal court, this complaint was sent to the circuit court in consequence of the defendant's appeal thereto. In the circuit court the defendant (appellant) filed demurrer "to the complaint filed in said cause," and described the complaint, to which his demurrer was addressed, as "charging the defendant with the violation of a prohibition ordinance of the city of Montgomery." Since no other complaint, charging the violation of a prohibitory ordinance, than that sent up from the recorder's court appears in the record on this appeal, the quoted reference in the demurrer must have been to the original complaint upon which the defendant was convicted in the recorder's court. In the prosecution for the violation of a municipal ordinance the defendant may, affirmatively or by his conduct, waive his right to have a complaint or statement filed in the court to which the prosecution has been taken by appeal from the municipal court. McKinstry v. City of Tuscaloosa, 172 Ala. 344, 54 South. 629. On such appeal he may, expressly or by his conduct, consent to or acquiesce in his trial upon the original affidavit, and cannot then complain that a statement was not filed against him. Aside from the effect of the waiver necessarily made by this defendant's failure to demand, before entering on the trial, in the circuit court a written statement or complaint, the quoted expression from the caption of the demurrer evinced the defendant's willingness to be tried upon the original affidavit, the only complaint in the record that answers the description carried by the demurrer's caption. According to the record here, there was, to repeat, no ruling on the demurrer.

The rehearing is denied.

ANDERSON, C. J., and GARDNER and THOMAS, JJ., concur.

[1] 200 Ala. 31.