(82 South. 183)

MAPLES et al. v. STATE. (6 Div. 921.)

(Supreme Court of Alabama. May 22, 1919.)

1. SEARCHES AND SEIZURES ⚖➔7—SEIZURE OF VEHICLE—CONSTITUTIONALITY.

Act Jan. 25, 1919, § 13, providing that sheriff or arresting officer "who becomes cognizant of the facts or who finds liquor in such conveyances or vehicle being illegally transported" shall seize the same, is not in violation of Const. § 5, as to unreasonable seizure.

2. STATUTES ⚖➔110½(1)—SUBJECTS AND TITLE.

The provision of Act Jan. 25, 1919, § 13, as to seizure of conveyance or vehicle used in transportation of liquor, held sufficiently set forth in the title of the act.

3. CONSTITUTIONAL LAW ⚖➔303, 328—INTOXICATING LIQUORS ⚖➔245 — DUE PROCESS — SUMMARY SEIZURE OF VEHICLES USED IN TRANSPORTATION OF LIQUOR.

Act Jan. 25, 1919, § 13, as to seizure of vehicles used for transportation of liquor, is not subject to the objection that it is unconstitutional, in that no detinue writ may be employed to retake possession pending forfeiture suit, and that this is violative of the Constitution, which guarantees that courts shall always be open and every person shall have a remedy by due process of law.

4. INTOXICATING LIQUORS ⚖➔251—CONDEMNATION OF AUTOMOBILE—RIGHTS OF MORTGAGEE.

In proceeding under Act Jan. 25, 1919, § 13, to condemn automobile used in transportation of prohibited liquors, the bona fide mortgagee innocent of, or without fault as to, any illegal use of the automobile will be protected in the establishment of superior right.

5. INTOXICATING LIQUORS ⚖➔251 — CONDEMNATION OF AUTOMOBILE—BONA FIDE MORTGAGEE—EVIDENCE.

Evidence held not to show that petitioner at the time of seizure of automobile, being used in transportation of prohibited liquors, was an innocent bona fide holder of a mortgage on the automobile with rights superior to those of the state.

Appeal from Circuit Court, Cullman County; Robert C. Brickell, Judge.

Proceedings by the State against Arch Maples and wife in which C. H. Beiker filed a petition setting up a claim to the automobile in question. From decree rendered, respondents and petitioner appeal. Affirmed.

Bill by the state of Alabama, filed by the deputy solicitor of Cullman county, against Arch Maples and Annie Maples, his wife, seeking to have declared forfeited to the state, and condemned for sale, one four-cylinder Buick touring automobile, under the provisions of the act approved January 25, 1919, entitled "An act to further suppress the evils of intemperance," etc. The bill, in substance, shows that on February 20, 1919, the automobile was seized in Cullman county by the sheriff of said county, while the same was in the actual possession of respondents —the property of one or both of them—and that when so seized it was being used for the transportation of prohibited liquors or beverages from one point to another within the state, contrary to law.

The respondents demurred to the bill upon the ground that section 13 of said act of January 25, 1919, violates several provisions of the Constitution of Alabama, which demurrer was overruled. The defendants answered, neither admitting nor denying the allegations of the bill as to the seizure of the automobile, and that it was being used for the transportation of liquor, but setting up that they had purchased the car from one Beiker, who took a mortgage thereon for $500 to secure the balance of the purchase price.

C. H. Beiker filed his petition under section 13 of the act approved January 25, 1919, setting up as his claim to the automobile mortgage executed by defendants for $500, by which title was retained in said Beiker, and that said $500 is still due and unpaid; and that under the provisions of said mortgage, the automobile having been seized under legal process, the note secured is now due, and that he has a superior right to the state of Alabama to said property. The prayer of the petition is that he (Beiker) be awarded the automobile, or, if the same is sold, that the register be ordered to pay petitioner the amount due on his mortgage out of the purchase price. The answer and petition were filed March 4, 1919.

The evidence for the state tended to show that the respondents Arch Maples and his wife, Annie Maples, were in the car in the city of Cullman on February 20, 1919, and that the car contained something more than five gallons of whisky. Respondent Arch Maples claimed the car belonged to his wife, he having bought it for her from one Beiker, the petitioner in the case. It is further stated that the whisky was being transported for a compensation, the said Maples to get $20 for making the delivery from one point to another within the state; that neither said Maples nor his wife made any mention of a mortgage having been executed; and, further, that Annie Maples stated that her husband, Arch Maples, "got the car from a fellow at Sheffield that owed him, and took the car in on part pay." There is evidence tending to show that while the whisky was being transported Arch Maples and his wife mentioned among themselves the sheriff detecting the same. It is also shown the whisky was in pasteboard cartons, and was between the front and back seats with some clothes over it.

Petitioner Beiker insisted that he sold the car to Annie Maples, taking a mortgage to

secure the balance of the purchase price, she paying only $50, the mortgage being for $500, and that the same was signed by her and her husband, but was not recorded until after the car was seized. The mortgage bears date January 27, 1919, and was offered in evidence. One Schweninger testified that he witnessed the same at his home. Schweninger is the father of Annie Maples, and the father-in-law of Beiker. Annie Maples did not testify in the cause.

Upon final hearing, the trial court dismissed the petition of Beiker, and granted the relief prayed in the bill, as authorized by the above-cited act. From the decree rendered, the respondents and petitioner prosecute this appeal, and separately assign errors.

William E. James, of Cullman, for appellants.

J. Q. Smith, Atty. Gen., and Horace C. Wilkinson, Asst. Atty. Gen., for the State.

GARDNER, J.  By this proceeding the state seeks to have forfeited and condemned for sale a certain automobile which was seized by the sheriff of Cullman county while in possession of the owner, or owners, thereof, and being used in the transportation of prohibited liquors.

It is not questioned that the proceedings in this cause were had in strict compliance with the provisions of section 13 of the act of January 25, 1919, entitled "An act to further suppress the evils of intemperance; to restrict the receipt, possession and delivery of spirituous, vinous, malted, fermented or other intoxicating or prohibited liquors and beverages and fixing punishment and penalties" (Acts 1919, p. 6); but the respondents attack the provisions of said section as unconstitutional upon several grounds.

[1] It is first insisted the provisions of said section as to seizure are violative of section 5 of our Constitution as to unreasonable seizure. The act provides that the sheriff or arresting officer "who becomes cognizant of the facts or who finds liquor in such conveyances or vehicle being illegally transported as aforesaid" shall seize the same; and, clearly, this is not in violation of such constitutional provision. The case of Ex parte Rhodes, 79 South. 462, 1 A. L. R. 568,[1] cited by counsel for appellant, is not at all at variance with this conclusion.

[2] It seems to be also insisted that the provision as to seizure was not sufficiently set forth in the title; but we are of the opinion that the quotation of the title itself, above set out, when considered in connection with the well-known rule in regard to this provision of the Constitution, is sufficient answer to this contention without further discussion.

[3] It is further urged that said section 13 is unconstitutional, in that no detinue writ may be employed to retake possession of such

seized property pending the forfeiture suit, and that this is violative of that provision of the Constitution which guarantees that the courts shall always be open, and that every person, for injury done him in his goods, etc., shall have a remedy by due process of law. The act provides that any person claiming a superior right may intervene by petition in said suit, and have his claim adjudicated; that the presiding judge may make all proper orders, including orders of publication of notice to be published for all parties claiming the said vehicles to come in and assert their right thereto; and the said court shall have the authority to frame all orders of procedure so as to regulate the proceedings that persons may have opportunity to come in and propound their claim to the vehicles and conveyances sought to be condemned. This, without more, should suffice as an answer to this contention. But the question has recently been very satisfactorily dealt with by the Supreme Court of Georgia, contrary to the contention here made by appellants, in the cases of Nesmith v. Martin, 98 S. E. 551, and Gunn v. Atwell, 96 S. E. 2, and we deem a reference to these decisions sufficient.

The Georgia Supreme Court also in a very recent case (Mack v. Westbrook, 98 S. E. 339) gave much consideration, to objections upon constitutional grounds, to that portion of the prohibition laws of that state providing for the forfeiture of property used in transporting such prohibited liquors, similar in many respects to those provisions here under consideration, the court saying:

"Inanimate property may, without violence to the due process clauses of the state or federal Constitutions, be forfeited to the state when used as an instrument, and a necessary instrument, in the accomplishment of a purpose declared by the state, within the exercise of its undoubted power, to be unlawful."

The opinion also points out that the forfeiture and condemnation sale under the police power of the state, of property so used for unlawful purposes, is not violative of any constitutional inhibition against taking private property for a public use without compensation.

We are of the opinion the above authority of Mack v. Westbrook, wherein many decisions of the Supreme Court of the United States are cited and quoted, sufficiently demonstrates that the provisions of section 13, here under consideration, are free from constitutional objection, and we therefore consider a further discussion here unnecessary.

[4, 5] Appellant's counsel argue the case upon the assumption that an innocent bona fide mortgagee is here attempting to assert a superior right either to the property or so much of the proceeds as will be sufficient to pay his mortgage debt. The holding of this court in the case of State of Alabama v. Arthur J. Hughes et al., 82 South. 104,[2] this day

_____
[1] 202 Ala. 68.

[2] Ante, p. 90.

decided, will accord protection to a bona fide mortgagee who was innocent of, or without fault as to, any illegal use of the property. The reasoning in the Hughes Case is directly applicable to such a situation, and therefore such bona fide mortgagee, innocent of, or without fault as to, any illegal use of the property, will be protected in the establishment of such superior right. From our view of the evidence, however, as presented by this record, we are not persuaded that the petitioner comes within that class of bona fide innocent mortgagees.

The testimony has been very carefully considered in consultation, and a brief outline thereof appears in the statement of the case. We intend no discussion of it here. Suffice it to say that after a careful review of the whole evidence we find it so unsatisfactory as to fail to reasonably satisfy the judicial mind that the petitioner at the time of the seizure of this car was an innocent bona fide holder of a mortgage; but, on the contrary, we are rather inclined to the view that if it be conceded that the mortgage was executed, it was done as an afterthought, as an effort to save the car from the forfeiture proceedings.

We therefore conclude that, upon the facts presented, the court below was justified in dismissing the petition and ordering the car forfeited and condemned for sale as provided by the above-cited act. It results that the decree of the court below will be here affirmed.

Affirmed.

ANDERSON, C. J., and McCLELLAN and SAYRE, JJ., concur.