(87 South. 842)

## In re ONE FORD AUTOMOBILE.

## ALLRED v. STATE.

### (6 Div. 170.)

(Supreme Court of Alabama. Jan. 13, 1921.)

1. **Intoxicating liquors &#9756;249—Prohibited liquors unlawfully in possession may be seized without warrant.**

Prohibited liquors the receipt or possession of which in any quantity, with specified exceptions, is denounced as a misdemeanor, may be seized without a warrant for they are per se contraband.

2. **Intoxicating liquors &#9756;244, 245, 250—Forfeiture. proceeding against automobile is in rem, statute must be strictly followed, and previous seizure is necessary.**

The seizure of an automobile because unlawfully used in the transportation of liquors under Acts 1919, p. 6 et seq., is a proceeding in rem, and the statute must be strictly followed, and a proceeding to enforce forfeiture cannot be properly instituted until after the property inculpated is seized by the executive authority; previous seizure being necessary to legal process.

3. **Intoxicating liquors &#9756;250—Bill to condemn automobile for unlawful transportation cannot be supported by supplementary fact.**

A bill or petition for condemnation of an automobile for unlawful transportation of prohibited alcoholic liquors cannot be given equity by reason of a fact of a supplementary nature not existing when the bill or petition was filed, and this is true notwithstanding such supplementary fact, if considered, would have entitled petitioner to a decree.

Appeal from Circuit Court, Blount County; O. A. Steele, Judge.

Bill by the State of Alabama to condemn a Ford automobile, because used in transporting prohibited liquor. Andy Allred propounded claim and filed certain demurrers and motions, which being overruled, and the car condemned, he appeals. Reversed and remanded.

John A. Lusk & Son, of Guntersville, for appellant.

There must be a seizure of the property before proceedings for confiscation can be executed. 1 Gray (Mass.) 1, 61 Am. Dec. 381; 19 Cyc. 1359; 23 Cyc. 299; 12 R. C. L. 129. The officer is not authorized to seize without warrant supported by proper affidavit. Section 5, Const. 1901; 15 R. C. L. 413; 24 R. C. L. 707. The burden is on the state in this kind of proceeding. 146 La. 939, 84 South. 213, and authorities supra.

J. Q. Smith, Atty. Gen., and Harwell Davis, Asst. Atty. Gen., for the State.

The procedure was in accordance with the statute. Acts 1919, p. 13; 203 Ala. 153, 82 So. 183. To hold that this procedure was violative of section 5 of the Constitution would be to nullify section 6269, Code 1907; 100 Ala. 101, 13 South. 517. Only two things are prohibited, unreasonable searches and seizures and issuing warrants without affidavit. 44 Ala. 41; 82 Ala. 23, 2 South. 683, 24 R. C. L. 717. The procedure is civil, and section 5 does not apply. 203 Ala. 444, 83 South. 335; 18 How. 272, 15 L. Ed. 372.

SAYRE, J. Without a preliminary seizure, the state's solicitor filed the petition in this cause on behalf of the state seeking the condemnation of one Ford automobile, adequately described, on the ground that it had been used in the transportation of prohibited liquors, whereupon the court, without more, issued an order commanding the sheriff to take possession of the automobile. In the petition it was alleged that the automobile was in the possession of one Andy Allred; but no person was made party defendant. The petition was not supported by oath or affirmation. Appellant Allred intervened, claiming the automobile as his property, demurring to the petition, and then moving that the petition be dismissed and the property in question restored to him, on the grounds, to state them generally, that there had been no seizure prior to the filing of the petition, and that the writ of seizure, issued after the filing of the petition without probable cause supported by oath or affirmation, violated section 5 of the Constitution, providing, among other things, "that no warrants shall issue to search any place or seize any

&#9756;For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

person or thing without probable cause, supported by oath or affirmation." This demurrer and motion were overruled by the trial court.

[1] A similar constitutional question was raised in Maples v. State, 203 Ala. 153, 82 South. 183, and there the court, quoting the act in so far as it provides that the sheriff or arresting officer "who becomes cognizant of the facts or who finds liquor in such conveyance or vehicle being illegally transported as aforesaid" shall seize the. vehicle, said: "Clearly, this is not a violation of such constitutional provision." But in that case the automobile, when seized, was being used for the transportation of prohibited liquors. No doubt, prohibited liquors, the receipt or possession of which in any quantity, with exceptions not material in this connection, is denounced as a misdemeanor, may be seized without a warrant, for such liquors are per se contraband. But whether property not per se contraband, and not found in such use as to make it contraband, may be seized without a warrant, or, if the order of the court in this cause may be deemed a warrant, whether such warrant may be issued by any court without probable cause, supported by oath or affirmation, are questions we need not decide, for the reason that this case may be determined on the other point.

[2] Authority for the proceeding in this cause is found in the statute, the act "to further suppress the evils of intemperance," etc. (Acts 1919, p. 6 et seq.), which (section 13), after providing for seizure as quoted in Maples v. State, supra, proceeds:

"And such officer or person shall report the seizure and facts connected therewith to the solicitor or any prosecuting official in the county where seizure is made or in default thereof to the Attorney General of the state. And it shall be the duty of such officer in the county, or the Attorney General of the state to at once institute or cause to be instituted condemnation proceedings in the circuit court by the petition in equity in the name of the state against the property seized describing the same, or against the person or persons in possession of said vehicles of transportation, if known, to obtain a decree enforcing the forfeiture."

The proceeding under this statute is a proceeding in rem. Toole v. State, 170 Ala. 41, 54 South. 195; Dowda v. State, 203 Ala. 441, 83 South. 324. As we have already noted, there is no personal defendant.

Conceding "the process in rem, when rightly conducted, to be a suitable and proper mode of enforcing obedience to a useful and salutary law, it does it by punishing the offender, who must be the owner, or some person intrusted with the possession by him, or some person for whose unlawful possession of it the owner is responsible; it does this by depriving such owner of his property, at the same time preventing the further noxious and unlawful use of it. Such being the character of the prosecution, in a high degree penal in its operation and consequences, it should be surrounded with all the safeguards necessary to the security of the innocent." Fisher v. McGirr, 1 Gray (Mass.) 1, 61 Am. Dec. 381.

The statute must therefore be strictly followed.

"Judicial proceedings in rem, to enforce a forfeiture, cannot in general be properly instituted until the property inculpated is previously seized by the executive authority, as it is the preliminary seizure of the property that brings the same within the reach of such legal process." Dobbins' Distillery v. U. S., 96 U. S. 395, 24 L. Ed. 637.

Said Judge Story in The Brig Ann, 9 Cranch, 289, 3 L. Ed. 734, an analogous case:

"Until seizure it is impossible to ascertain what is the competent forum. And, if so, it must be a good subsisting seizure at the time when the libel or information is filed and allowed."

[3] Nor could the bill or petition be given equity by reason of a fact of a supplementary nature which did not exist at the time the bill or petition was filed, and this is true notwithstanding the fact that, the supplementary fact considered, petitioner would have been entitled to a decree. Scheerer v. Agee, 113 Ala. 383, 21 South. 81. The demurrer was well taken, and, failing that, the motion should have been granted.

Reversed and remanded.

ANDERSON, C. J., and GARDNER and BROWN, JJ., concur.