(113 So. 541)

### TRANUM v. STRINGER.   (3 Div. 808.)

Supreme Court of Alabama.   June 30, 1927.

1. **Searches and seizures** ☞7(1)—**Federal constitutional amendment is historically parent of state constitutional provision relating to searches and seizures (Const. U. S. Amend. 4; Const. Bill of Rights Ala. 1901, § 5).**

Const. U. S. Amend. 4, may be regarded historically as the parent of Const. Bill of Rights Ala. 1901, § 5, relating to searches and seizures, the provisions being substantially the same.

2. **Searches and seizures** ☞7(1)—**Constitutional provision as to searches and seizures must be construed to conserve public as well as private interests (Const. U. S. Amend. 4; Const. Bill of Rights Ala. 1901, § 5).**

Const. U. S. Amend. 4, and Const. Bill of Rights Ala. 1901, § 5, relating to searches and seizures, are to be construed in a manner which will conserve public interests as well as interests and rights of individual citizens.

3. **Searches and seizures** ☞7(10)—**Officer may lawfully search without warrant automobile on highway if he has probable cause to believe it contains intoxicating liquor (Const. U. S. Amend. 4; Const. Bill of Rights Ala. 1901, § 5).**

An officer may lawfully, under Const. U. S. Amend. 4 (Const. Bill of Rights Ala. 1901, § 5), search an automobile on the public highways without warrant where he has probable cause for believing that it contains contraband or intoxicating liquor.

4. **Searches and seizures** ☞7(10)—**Measure of legality of search of automobile on highway without warrant by prohibition officer is probable cause for belief it contains illegally transported liquor (Const. U. S. Amend. 4; Const. Bill of Rights Ala. 1901, § 5).**

The measure of legality of a search of an automobile on a public highway without warrant by a prohibition officer under Const. U. S. Amend. 4, or Const. Bill of Rights Ala. 1901, § 5, is whether the officer has reasonable or probable cause to believe the automobile contains liquor being illegally transported.

5. **Intoxicating liquors** ☞13 — **Eighteenth Amendment declares national policy carrying duty of support to states.**

Const. U. S. Amend. 18, declares a national policy which carries a duty to the states, the general duty to support and maintain the Constitution of the United States.

6. **Intoxicating liquors** ☞132—**State laws are in entire harmony with national prohibition laws.**

The state prohibition laws and enforcement machinery are in entire harmony with the spirit of the national prohibition laws.

7. **Intoxicating liquors** ☞249—Alternative mode of expression in statute indicates that officer has power of seizure on probable cause of liquor in vehicle (Code 1923, § 4778).

Alternative mode of expression in Code 1923, § 4778, that seizure may be made by officer "who becomes cognizant of the facts, or who finds liquor in \* \* \* vehicle," indicates that when officer acquires knowledge from any source amounting to probable cause he has power and duty of seizure.

8. **Intoxicating liquors** ☞249—Officer's mere belief that automobile contains prohibited liquors does not justify search without warrant, in absence of facts constituting probable cause.

An officer's mere belief, however honest, that an automobile on the highways contains prohibited liquor, does not justify him in search and seizure without warrant, in the absence of facts of sufficient probative force to lead a reasonable man to the same belief.

9. **Intoxicating liquors** ☞249—Fact that automobile is found to be transporting liquor is of weight in passing on reasonableness of search without warrant.

In dealing with the individual case, the fact than an automobile which has been searched without warrant is found to be transporting contraband liquors is of decided weight in passing on the reasonableness of the search.

10. **Intoxicating liquors** ☞250—Officer searching for prohibited liquors car of innocent citizen on highway without warrant has burden of showing probable cause.

Officer who acts upon information which proves unreliable, resulting in search for prohibited liquors of automobile of an innocent citizen on highway without warrant, carries the full burden of showing probable cause to justify the search.

11. **Intoxicating liquors** ☞249—Statute contemplates seizure of contraband vehicles as well as liquors without writ or warrant (Code 1923, § 4778).

Code 1923, § 4778, contemplates the seizure of contraband vehicles as well as contraband liquors without writ of seizure or search warrant.

12. **Intoxicating liquors** ☞245—Statute relating to seizure of contraband liquors and vehicles without warrant is constitutional (Code 1923, § 4778).

Code 1923, § 4778, relating to seizure of contraband vehicles and liquor without warrant, is constitutional.

13. **Intoxicating liquors** ☞245—Statutes dealing with search warrants under prohibition laws do not deal with searching and seizing automobiles and liquor therein transported (Code 1923, § 4748 et seq.).

Code 1923, § 4748 et seq., dealing with search warrants in connection with prohibition laws, do not deal with searching and seizing automobiles and liquors transported therein.

14. **Intoxicating liquors** ☞247—State officers have same authority to search automobiles under state Constitution and laws as federal enforcement officers.

The sheriff and other law enforcement officers of the state have under the Constitution and laws the same authority to search automobiles without warrant as federal prohibition enforcement officers, all subject to the same rules of probable cause.

Appeal from Circuit Court, Montgomery County; Leon McCord, Judge.

Action for trespass by Ross Stringer against S. E. Tranum. From a judgment for plaintiff, defendant appeals. Transferred from Court of Appeals under Code 1923, § 7326. Reversed and rendered.

The facts are stated by the court.

Statement.

The complaint claims damages for trespass upon the property of plaintiff, in that the defendant did, on March 13, 1927, without a search warrant, unlawfully search plaintiff's automobile without his consent.

Defendant, by way of confession and avoidance, pleaded:

"That although he did search said automobile without a search warrant as alleged in the complaint, nevertheless the defendant avers that he is and was on March 13, 1927, a deputy state law enforcement officer of the state of Alabama; that as such officer he had received information from a reliable source and he had reasonable and probable cause for believing and did believe that the automobile referred to in the complaint was then and there in the act of transporting intoxicating liquors; that acting upon this information and belief, defendant, in a reasonable manner and using no undue force or threats, stopped said automobile and searched the same for the purpose of ascertaining if said car was transporting intoxicating liquors; that the defendant found that said car contained a one-gallon jug of whisky."

Demurrer to this plea was sustained. The cause was then tried upon the general issue, and heard by the court without a jury upon an agreed statement of facts as follows:

"That the defendant is and was on March 13, 1927, a deputy state law enforcement officer of the state of Alabama, and that as such a part of his duties consists in the enforcement of the prohibition laws of this state; that on March 13, 1927, he received information from a reliable source that the automobile of one Ross Stringer, the plaintiff, was transporting intoxicating liquors; that he considered that he had reasonable and probable cause for believing and he did believe that said automobile was transporting liquor; that acting upon this information he pursued said automobile as it proceeded easterly on Highland avenue in the city of Montgomery, Ala.; and that after he overtook said automobile he searched the same without a search warrant and found that said car contained a one-gallon jug of whisky; that he conducted said search in a reasonable manner and used no undue force or threats; that the plaintiff did not protest against the defendant making said search. It is further agreed that if judgment is entered for the plaintiff that the amount of damages which shall be assessed shall be $500."

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Judgment went for plaintiff. Defendant appeals and assigns as error the ruling on demurrer to the special plea and the judgment rendered.

Lawrence H. Lee and Arthur B. Chilton, both of Montgomery, for appellant.

Only unreasonable searches and seizures are prohibited. Intoxicating liquors, and vehicles used in transporting same, are contraband. Search, without a warrant, of an automobile engaged in illegal transportation of intoxicants, is not prohibited. Carroll v. U. S., 267 U. S. 132, 45 S. Ct. 280, 69 L. Ed. 543, 39 A.' L. R. 790; Code 1923, § 4778, §§ 3263, 3267, 4643; Maples v. State, 203 Ala. 153, 82 So. 183; Houck v. State, 106 Ohio St. 195, 140 N. E. 112; State v. Dinger, 51 N. D. 98, 199 N. W. 196; Quivers v. Com., 135 Va. 671, 115 S. E. 564; Moore v. State, 138 Miss. 116, 103 So. 483; State v. Duncan, 74 Mont. 428, 240 P. 978; Malmin v. State (Ariz.) 246 P. 548; State v. Hall (Mo. Sup.) 278 S. W. 1028; Welchek v. State, 93 Tex Cr. R. 271, 247 S. W. 524.

Thos. E. Martin, of Montgomery, for appellee.

An officer of the law may not legally search an automobile or other vehicle without a search warrant. Const. 1901, § 5; Code 1923, §§ 4741 et seq., 5470–5489. The Constitution of the United States is a grant of power; that of the state is a limitation.

### Opinion.

BOULDIN, J. Counsel for appellant, in brief, say:

"The agreed question of law as stated in the agreement signed by counsel and on file in this case is whether a sheriff or other arresting officer or any other person acting under authority of law in the enforcement of the prohibition laws of the state may, without search warrant, lawfully stop and search in a reasonable manner an automobile which he has reasonable and probable cause to believe and does believe is then and there transporting intoxicating liquors, and which automobile was then and there transporting intoxicating liquors."

The first and major inquiry is whether such search is in violation of section 5 of the Bill of Rights incorporated in the Constitution of Alabama, which declares:

"That the people shall be secure in their persons, houses, papers, and possessions from unreasonable seizure or searches, and that no warrants shall issue to search any place or to seize any person or thing without probable cause, supported by oath or affirmation."

The Fourth Amendment to the federal Constitution reads:

"The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no warrants shall issue, but upon probable cause, supported by oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized."

[1] Clearly enough these provisions of the federal and state Constitutions are in substance the same, and have a common purpose. The federal amendment may be regarded historically as the parent of the like provision in the state Constitution.

In Carroll v. United States, 267 U. S. 132, 45 S. Ct. 280, 69 L. Ed. 543, 39 A. L. R. 790, the Supreme Court of the United States in an illuminating opinion by Chief Justice Taft has fully considered the question of search and seizure without warrant under the National Prohibition Act (U. S. Comp. St. § 10138¼ et seq.), as affected by the Fourth Amendment.

[2-4] We think it fitting to let that court speak for itself. After reviewing numerous statutes and decisions, the opinion proceeds:

"We have made a somewhat extended reference to these statutes to show that the guaranty of freedom from unreasonable searches and seizures by the Fourth Amendment has been construed, practically since the beginning of the government, as recognizing a necessary difference between a search of a store, dwelling house or other structure in respect of which a proper official warrant readily may be obtained, and a search of a ship, motor boat, wagon or automobile, for contraband goods, where it is not practicable to secure a warrant because the vehicle can be quickly moved out of the locality or jurisdiction in which the warrant must be sought." * * *

"On reason and authority the true rule is that if the search and seizure without a warrant are made upon probable cause, that is, upon a belief reasonably arising out of circumstances known to the seizing officer, that an automobile or other vehicle contains that which by law is subject to seizure and destruction, the search and seizure are valid. The Fourth Amendment is to be construed in the light of what was deemed an unreasonable search and seizure when it was adopted, and in a manner which will conserve public interests as well as the interests and rights of individual citizens. * * *

"Having thus established that contraband goods concealed and illegally transported in an automobile or other vehicle may be searched for without a warrant, we come now to consider under what circumstances such search may be made. It would be intolerable and unreasonable if a prohibition agent were authorized to stop every automobile on the chance of finding liquor and thus subject all persons lawfully using the highways to the inconvenience and indignity of such a search. * * * But those lawfully within the country, entitled to use the public highways, have a right to free passage without interruption or search unless there is known to a competent official authorized to search, probable cause for believing that their vehicles are carrying contraband or illegal merchandise. * * *

"It follows from this that if an officer seizes an automobile or the liquor in it without a warrant and the facts as subsequently developed do not justify a judgment of condemnation and

forfeiture, the officer may escape costs or a suit for damages by a showing that he had reasonable or probable cause for the seizure. Stacey v. Emery, 97 U. S. 642 [24 L. Ed. 1035]. The measure of legality of such a seizure is, therefore, and the seizing officer shall have reasonable or probable cause for believing that the automobile which he stops and seizes has contraband liquor therein which is being illegally transported."

We consider the principles announced in the Carroll Case entirely sound, and well supported by authorities therein reviewed. There is an obvious distinction between the reasonableness of a search of a dwelling or other stationary building without warrant and the search of an automobile, the most convenient agency of the rum-runner and the getaway criminal in general. In the one case there is no occasion to act without a search warrant; in the other a failure to so act means in many cases the utter impotency of law enforcement.

[5] We find nothing in the public policy expressed in our state Constitution and laws which calls for a construction of section 5 of the Bill of Rights at variance with that given the federal Constitution upon the question in hand. Indeed, the Eighteenth Amendment expressly prohibits the manufacture, sale, or transportation of intoxicating liquors in all the states, and vests the states with concurrent power to enforce it. It declares a national public policy, which carries a duty to the states, the general duty to support and maintain the Constitution of the United States.

[6] Our prohibition laws, with enforcement machinery, and many provisions designed to prevent evasion, are in entire harmony with the spirit of the National Prohibition Laws. Not only "prohibited liquors" but "vehicles of transportation" used in conveying same are declared "contraband." Both are subject to seizure, the liquors for destruction and the vehicle for forfeiture to the state. Seizure shall be made by any enforcement officer "who becomes cognizant of the facts, or who finds liquor in such conveyance or vehicle being illegally transported." Code, § 4778.

[7] This alternative mode of expression indicates that the power and duty of seizure is not limited to cases where the officer finds the liquor being transported with the aid of the five senses, but where he "becomes cognizant of the facts"; acquires knowledge from any source which measures up to the requirements of probable cause; such information as leads a careful, prudent man, regardful of the rights of the citizen, to a reasonable belief.

[8] Mere belief, however honest, is not enough. The rash and the unduly suspicious cannot justify upon belief which may to him seem sufficient. There must come to him facts from sources which a prudent man deems reliable, and of sufficient probative force to lead such man to a reasonable belief; there must be probable cause to believe.

[9, 10] In dealing with the individual case the fact that the automobile upon search is found to be transporting contraband liquors is of decided weight in passing upon the reasonableness of the search without warrant. That the car is in fact contraband tends to verify the information on which the search was made. The officer who acts upon information which proves unreliable, resulting in the stoppage and search of the car of an innocent citizen, carries the full burden of showing probable cause.

[11, 12] It seems clear enough that section 4778 of the Code contemplates the seizure of contraband vehicles as well as contraband liquors without a writ of seizure or search warrant. The constitutionality of our statute in this regard has already been declared. Maples v. State, 203 Ala. 153, 82 So. 183; Allred v. State, 205 Ala. 193, 87 So. 842.

[13] The provisions of Code, § 4748 et seq., dealing with search warrants in connection with our prohibition laws, clearly show they are directed to places where liquors are manufactured, sold, kept for sale or storage contrary to law, etc. They do not deal with the matter of searching and seizing automobiles and liquors transported therein.

The Carroll Case above quoted has been followed and distinguished in Agnello v. United States, 269 U. S. 20, 31, 46 S. Ct. 4, 70 L. Ed. 145. See, also, United States v. Lee, 47 S. Ct. 746, 71 L. Ed. ——. All the federal courts are consistently following the decision in the Carroll Case. See Sheppard's U. S. Citations. In Wilder v. Miller, 190 Wis. 136, 208 N. W. 865, the Supreme Court of Wisconsin, with the same constitutional search and seizure provision as ours, approved and followed the Carroll Case.

Supporting decisions collected in brief of appellant's counsel are the following: Houck v. State, 106 Ohio St. 195, 140 N. E. 112; State v. Dinger, 51 N. D. 98, 199 N. W. 196; Quivers v. Commonwealth, 135 Va. 671, 115 S. E. 564; Moore v. State, 138 Miss. 116, 103 So. 483; State v. Duncan, 74 Mont. 428, 240 P. 978; Malmin v. State (Ariz.) 246 P. 548; State v. Hall (Mo. Sup.) 278 S. W. 1028; Welchek v. State, 93 Tex. Cr. R. 271, 247 S. W. 524.

[14] We conclude that under the Constitution and laws of Alabama the sheriff and other law enforcement officers have the same authority to search automobiles without warrant as federal enforcement officers, all subject to the rule of probable cause, as above defined.

The ruling of the trial judge was not in harmony with this decision.

The judgment is reversed and one here ren-

dered in favor of appellant, defendant in the court below.

Reversed and rendered. ·

ANDERSON, C. J., and SAYRE and GARDNER, JJ., concur.