36 So.2d 306

### JACKSON v. STATE.

8 Div. 422.

Supreme Court of Alabama.

June 17, 1948.

Rehearing Denied July 31, 1948.

Russell W. Lynne, of Decatur, for appellant.

228

'A. A. Carmichael, Atty. Gen., and Francis M. Kohn, Asst. Atty. Gen., for appellee.

FOSTER, Justice.

This is a suit in equity on behalf of the State by the solicitor to condemn an automobile under sections 247 and 248, Title 29, Code, for transporting liquors from one point in this State to another point in this State. There was a final decree of condemnation, from which the defendant Louie Jackson has appealed to this Court.

The car was seized by the sheriff on June 10, 1947, when the defendant and the car were carried to the sheriff's office, where defendant made bond on a criminal charge, and was allowed to drive the car to his home. Upon his report of the matter to the solicitor, he filed this suit on June 14, 1947. On July 15, 1947, defendant filed a plea in abatement, denying jurisdiction of the court because it was alleged in the plea that the "res proceeded against has never been seized," and then alleged in said plea as amended that thereafter on or about June 16, 1947, defendant at the request of the sheriff executed a bond for the automobile in the form required by statute, "that the res of this action immediately after defendant was released on appearance bond proceeded against, was taken out of the jurisdiction of this court."

The record referred to in the plea shows that on said June 16, 1947, defendant did make a bond for the automobile, conditioned as authorized by section 249, Title 29, Code.

On June 17, 1947, the court made an order for the issuance of a writ of seizure to take possession of the car, without a compliance with section 316, Title 7, Code. (Those conditions are not required of the State. Section 72, Title 7, Code.) The writ was issued on that day and put in the hands of the sheriff. His return of it executed was dated June 10, 1947. But that was the day on which the sheriff first seized the car and took an appearance bond from defendant, and let him drive it home. We do not think that proceeding served any purpose on the basis of the principles we will discuss.

■ The sufficiency of the plea in abatement was heard and determined September 15, 1947, when it was held insufficient. It was held in the case of Allred v. State, 205 Ala. 193, 87 So. 842, that a previous seizure of the car was necessary to legal process under that statute.

But the forthcoming bond recites the fact of a seizure of the car, and that at that time it was held by the sheriff, and that was before the writ of seizure was issued. The defendant executing the bond became estopped to deny the seizure on or prior to its date, and that the car was then held by the sheriff. Nill v. Nelms, 86 Ala. 442; Morrow v. Norvell–Shapleigh Hardware Co., 165 Ala. 331(5), 51 So. 766; Wallis v. Long, 16 Ala. 738, as explained in Miller v. Hampton, 37 Ala. 342, 349.

■ The execution of the bond was conclusive that the car was then in the custody of the law. Dollins v. Lindsey, 89 Ala. 217, 7 So. 234; Powell v. Rankin, 80 Ala. 316.

In the Allred case, supra, it does not appear that the bill alleged that the car had been seized. It made no person a defendant. Allerd appeared and demurred to the bill for not alleging a seizure of the car, and then moved for a dismissal of the petition and a restoration to him of the car which had been taken under a writ of seizure after the filing of the petition without the support of an oath or affirmation. It was held that the demurrer was well taken, and that since there was no equity in the bill when it was filed because there had been no seizure, it could not be given equity

by a subsequent seizure. Since that decision, Equity Rule 28(2), Code 1940, Tit. 7 Appendix, has prescribed a new principle in that respect, which may lead to a different result in such a case as this.

The plea in abatement also alleged that immediately after defendant was arrested on June 10, 1947, and released on bond, the car was taken out of the jurisdiction of this court prior to the institution of this suit. That allegation does not deny a seizure on June 10, 1947. Assuming such a seizure, the fact that defendant took the car off somewhere does not break the effect of such seizure as authority to proceed under sections 247 and 248, Title 29, supra. It does not allege that this was not done by permission of the sheriff, making him the sheriff's agent. Easley v. Walker, 10 Ala. 671. The presumptions are against the pleader on such an issue.

The execution of the bond by defendant referred to in the plea was conclusive that there was a seizure on or prior to its date June 16, 1947, and was then held by the sheriff, for the bond so expressly declares. That situation shown by the plea disputes the allegation that the car had never been seized. So we have allegations in effect, that though the car had been seized on June 10, 1947, on that day defendant took it out of the jurisdiction of the court, presumably by permission of the sheriff, and as his agent, and on June 14, 1947, this bill was filed, and on June 16, 1947, the car had been seized and was then held by the sheriff. It is our view that such status is sufficient to show the fact of seizure before filing the bill held to be essential in Allred v. State, 205 Ala. 193, 87 So. 842.

We think it is clear therefore that the plea in abatement in connection with matters of record referred to in it was properly held to be insufficient.

Appellant also contends that the decree of condemnation should be reversed because in making the seizure section 5, Article 1, Constitution, was violated, in that, the search and seizure were made without warrant supported by oath or affirmation, and without probable cause. Tranum v. Stringer, 216 Ala. 522, 113 So. 541.

But this Court held in Maples v. State, 203, Ala. 153, 82 So. 183, 184, that if the sheriff "finds liquor in such conveyance or vehicle being illegally transported" he should seize the vehicle, and that "clearly, this is not a violation of said constitutional provision." Section 5, Article 1, Constitution: also discussed in Tranum v. Stringer, supra; Clements v. State, 206 Ala. 377, 89 So. 545, and the Allred case, supra. They did not controvert that principle.

In the instant case the bill alleges that the car was being used "in transporting prohibited liquor when it was taken into possession by the sheriff." There was no demurrer to it. The evidence showed that it was being so used when it was taken by the deputy sheriff. And the execution by defendant of a forthcoming bond reciting the seizure of the car estops him from controverting the regularity of the seizure. Brown v. Hamil, 76 Ala. 506; Easley v. Walker, 10 Ala. 671; Adler v. Potter, 57 Ala. 571.

But even if the seizure did violate section 5, supra, we do not wish to hold that the car would not be subject to condemnation and sale. Evidence acquired by unlawful search may be used, and is not illegal evidence because of that circumstance. Shields v. State, 104 Ala. 35, 16 So. 85, 53 Am.St.Rep. 17; Pope v. State, 168 Ala. 33, 40, 53 So. 292; Robertson v. Montgomery, 201 Ala. 198, 77 So. 724; Owens v. State, 215 Ala. 42, 109 So. 109.

In the case of Howell v. State, Ala., 34 So.2d 142, the bill alleged a seizure while the car was being illegally driven or operated with prohibited liquor in it. There was a demurrer to the bill. Objection was made for one thing that the bill was not verified and did not satisfy section 5, supra. The Court observed that the bill is for the purpose of procuring condemnation not for a warrant to search and seize. This we may say is obviously so, since the seizure should precede the filing of the bill: but not now considering the effect of a seizure under a writ issued by authority of sections 315 and 316, Title 7, Code, in connection with Equity Rule 28(2).

The evidence amply supported the decree in the instant case.

Affirmed.

GARDNER, C. J., and LAWSON and STAKELY, JJ., concur.