67 So.2d 52

**OLDHAM v. STATE.**

**8 Div. 56.**

Court of Appeals of Alabama.

March 17, 1953.

Rehearing Denied June 30, 1953.

Bradshaw & Barnett, Florence, and R. L. Almon, Moulton, for appellant.

Si Garrett, Atty. Gen., and Maury D. Smith, Asst. Atty. Gen., for the State.

PRICE, Judge.

The indictment charged defendant with the offense of transporting in quantities of five gallons or more, prohibited liquors or

beverages, in violation of Section 187 of Title 29, Code 1940.

By plea in abatement and by various motions defendant raised the question of the court's jurisdiction, contending that the offense, if any, was committed in the Alabama National Forest in Lawrence County, and that the indictment was based on illegal evidence for that the arrest, search and seizure were made by the officers without a warrant.

■ The demurrer to the plea in abatement was properly sustained. The State of Alabama has criminal jurisdiction extending over all federal forest reservations lying and being within the State. Garrison v. State, 22 Ala.App. 444, 116 So. 706; Hagood v. State, 23 Ala.App. 138, 122 So. 299.

■ The several motions were properly overruled. Even if the search is illegal, the use of evidence obtained thereby is admissible and is not violative of defendant's constitutional rights. Ex parte City of Mobile, 251 Ala. 539, 38 So.2d 330; Jackson v. State, 251 Ala. 226, 36 So.2d 306. See also Alabama Digest Criminal Law, ☞394 for citations of authority.

The arrest was made and the case tried prior to the passage of the amendment to Sec. 210, Title 29, Code 1940. In any event, this amendment applies only to evidence obtained by means of an illegal search of a private dwelling.

■ The indictment substantially followed the language of the statute and was sufficient. There was no error in overruling the demurrer thereto. Harris v. State, 32 Ala.App. 519, 27 So.2d 794; Cusimano v. State, 33 Ala.App. 62, 31 So.2d 139.

■ On the trial the evidence for the State tended to show that one Yarbrough, a Criminal Investigator for the Alcoholic Tax Unit, Bureau of Internal Revenue, was traveling east on the Ridge Road in Lawrence County, in a jeep about 9:30 at night. He was followed by a government radio car with two officers. He met a Model A Ford coupe with 2 men in it, going west.

As he pulled over to share the road one of the men ducked his head. This attracted Yarbrough's attention and he noticed a Lauderdale County license tag on the car. When the government car with the radio aerial sticking up came in sight the Model A speeded up. Mr. Yarbrough and one of the officers from the radio car gave chase. They blew the horn several times but the Model A would not get out of the center of the road. After about a mile the road widened and they drove along side and ordered the driver to stop. Yarbrough got out of the jeep and went to the car. He smelled liquor and saw a pistol on the seat and a five gallon can partly covered with a burlap sack. The can was full of whiskey and nine GI cans containing whiskey, making fifty gallons in all, were found in the back of the automobile. Upon being asked his name, the driver stated: "I am Pete Oldham. I am an old liquor head."

On cross examination the officers stated the search and arrest were made without a warrant.

No evidence was offered for defendant.

The evidence was ample to sustain the verdict and the judgment of conviction. No error resulted in overruling the motion for a new trial.

The judgment of the trial court is affirmed.

Affirmed.

## On Rehearing.

■ Appellant's contention that he was denied the right to prove by one of the grand jurors that there was no legal evidence before the grand jury on which to base the indictment, is without merit.

The record discloses the defendant filed a motion to strike and a motion to quash the indictment. The same evidence was offered in support of both motions. J. M. Anderton, the foreman of the grand jury, testified he remembered three witnesses who appeared before the grand jury, Mr. Posey, Mr. Yarbrough and Mr. Hudson; that each of said witnesses testified that the arrest, search and seizure took place

within the boundaries of the Alabama National Forest in Lawrence County, Alabama.

Frank Yarbrough was then introduced as a witness by appellant. He testified he is a criminal investigator for the Alcoholic Tax Unit, Bureau of Internal Revenue; that he was present when defendant was arrested and the whiskey and automobile were seized; that the arrest, search and seizure were within the boundaries of the Alabama National Forest in Lawrence County, Alabama, and that he so testified before the grand jury, and so far as he remembered S. R. Posey and W. W. Hudson were also witnesses before the grand jury.

S. R. Posey was then introduced as a witness, and the following occurred:

"S. R. Posey, next witness introduced by the Defendant, being first duly sworn, testified:

"Direct Examination

"By Mr. Barnett:

"Q. By the Court: (Directed to Mr. Barnett) Are you going to prove the same thing?

"Mr. Barnett: Yes, sir.

"Court: If you are going to prove anything additional, but the Court doesn't care to hear any more on that."

■ There is likewise no merit in the contention that he did not get a fair trial because of disparaging remarks made by the court about the testimony offered by appellant, and to the contention made by his attorney. The first remark complained of is that made to the attorney at the time S. R. Posey was offered as a witness and which is set out above. Even if it be conceded that such remark is disparaging, which we do not, it was made on the hearing on the motions, and was not before the jury.

■ The only other instance complained of was at the close of the oral charge, and was as follows:

"By Mr. Barnett: Judge, will you charge them orally that the lands within the extended boundaries of the Alabama National Forest are not within Lawrence County?

"By the Court: The evidence is from the witnesses that it was on the Ridge Road, and that the Ridge Road was in Lawrence County. That is all the evidence we have before you.

"Court: The Court declines to charge them on that.

"Mr. Barnett: We reserve an exception."

■ Appellant urges that we are in error in holding that the Circuit Court of Lawrence County had jurisdiction of this offense, and requests that we "state the subject of this suit in respect to these laws in such manner and such detail that we can properly present the matter for review to the Supreme Court."

It is appellant's contention that the State of Alabama has ceded to the United States Government jurisdiction over the lands on which defendant was arrested, searched and his property seized without a warrant, retaining only a concurrent jurisdiction with the United States for the service of civil or criminal process. He further contends that the statute ceding such jurisdiction conferred upon Congress power to pass laws, civil and criminal, and provide for the punishment for their violation, and that Congress has legislated on the subject of the kind of liquor appellant was hauling at the time he was arrested and his property seized, the statute under which appellant was prosecuted being passed by the legislature of 1927, after jurisdiction had been ceded to the federal government, and that appellant could not be prosecuted under such statute.

Application overruled.