CATES, Judge,
concurring:
In Tranum v. Stringer, 216 Ala. 522, 113 So. 541, we find the Supreme Court of Alabama adopting Carroll v. United States, 267 U.S. 132, 45 S.Ct. 280, 69 L.Ed. 543, as giving “ * * * the sheriff and other law enforcement officers * * * the same authority to search automobiles without warrant as federal * * * officers, all subject to the rule of probable cause *
In this case some concern has been expressed as to the use of prohibited liquor agents to ferret out drug law violations, particularly because § 501(a)(l)(2) and (3) of the Alabama Uniform Controlled Substances Act limits the power of arresting without warrants and seizures to named officers. The officers given such powers are:
“The agents and officers of the Department of Public Safety, the drug inspectors of the State Board of Pharmacy and the drug and narcotic agents and inspectors of the Department of Public Health $ * * If
I don’t think that a person arrested may claim ultra vires against an ABC agent. Admittedly, under § 5, T. 29, 1940 Code, as amended, liquor agents are commissioned solely to enforce the liquor laws. However, an exception to the rule of exclusion is that a seizure by a non agent of the government is not a breach of the Fourth Amendment. Burdeau v. McDowell[1], 256 U.S. 465, 41 S.Ct. 574, 65 L.Ed. 1048; Anno., 36 A.L.R.3d 553.
Hence, I concur in the affirmance.

. Amsterdam, Perspectives on the Fourth Amendment, 58 Minn.L.R. 349 at 407.